*In re* MIGUEL A. IGLESIAS PÉREZ.

*Número:* AB-97-83        *Resuelto:* 30 de junio de 1998

*Carlos Lugo Fiol, Procurador General,* e *Yvonne Casanova Pelosi, Procuradora General Auxiliar,* en informe; *Rafael Rodríguez Llanos,* abogado del Lcdo. Miguel A. Iglesias.

PER CURIAM: El 22 de enero de 1990 el Sr. Miguel Luis Rondón Rodríguez presentó una queja ante el Procurador General contra el Lcdo. Miguel A. Iglesias Pérez. Alegó el quejoso que el licenciado Iglesias Pérez había autorizado las Escrituras Núms. 3, 4, 5, 6 y 7 de 12 de enero de 1981, en las cuales su hermana, la Sra. María del Carmen Rondón Rodríguez, falsificó la firma de la Sra. Carmen Iris Rodríguez Pastrana. La queja fue referida a la División de Investigación y Procesamiento Criminal para su evaluación correspondiente. Esa oficina cerró el expediente por insuficiencia de prueba.

No obstante, por entender que de la investigación realizada surgen violaciones éticas y a la Ley Notarial de Puerto Rico, el Procurador General nos presentó un informe en el cual nos solicita que disciplinemos al licenciado Iglesias Pérez. Visto el informe, emitimos una resolución el 12 de septiembre de 1997, en la cual le ordenamos al referido notario mostrar causa por la cual no debíamos ordenar su separación indefinida de la práctica de la notaría. Así lo ha hecho el licenciado Iglesias Pérez a través de su abogado. Estando en condiciones para ello, procedemos a resolver.

## I

De las declaraciones juradas presentadas por el Procurador General junto con su informe, surgen los hechos siguientes.

El 17 de agosto de 1974 los hermanos Carmen Iris, Juana, Blanca Lydia, José Pastor, Ramón Miguel y Pedro Juan, todos de apellidos Rodríguez Pastrana, acordaron la división de las herencias de su madre, Doña Josefa Pastrana, y de su padre, Don Pastor Rodríguez. Los Lcdos. Miguel Iglesias Pastrana y Felipe Algarín recogieron el acuerdo en un documento manuscrito, el cual fue firmado

en presencia de ambos por todos los hermanos Rodríguez Pastrana.

El 12 de enero de 1981, Juana, Blanca Lydia, Ramón Miguel y Pedro Juan se reunieron en el despacho del licenciado Iglesias Pérez para firmar las Escrituras Núms. 3, 4, 5 y 7, sobre liquidación parcial de herencia, y la Núm. 6, sobre agrupación, segregación y liquidación parcial de herencia. José Pastor no estuvo presente en la reunión, pero firmó las escrituras más tarde ese día en otro lugar. Carmen Iris, sin embargo, se encontraba hospitalizada y la gravedad de su condición no le permitió firmar. No obstante, su hija, María del Carmen Rondón Rodríguez, fue al despacho del licenciado Iglesias Pérez y, ante él y en presencia de sus familiares allí reunidos, firmó las escrituras usando el nombre de su madre.[1]

## II

El Art. 2 de la Ley Notarial de de Puerto Rico establece que "[e]l notario es el profesional del Derecho que ejerce una función pública, autorizado para dar fe y autenticidad conforme a las leyes de los negocios jurídicos y demás actos y hechos extrajudiciales que ante él se realicen". 4 L.P.R.A. sec. 2002. "La fe pública notarial, como elemento objetivo que se concretiza a través de la persona del notario con la presencia del compareciente, es la espina dorsal de todo el esquema de autenticidad documental." *In re González González*, 119 D.P.R. 496, 499 (1987). Véanse, además: *In re Medina Lugo*, 136 D.P.R. 120 (1994); *In re Vargas Hernández*, 135 D.P.R. 603 (1994). Así pues, "la dación de fe está avalada por la confianza de que los hechos jurídicos y circunstancias que acredite [el notario] fueron percibidos con sus sentidos". *In re Feliciano*, 117 D.P.R.

---

[1] Es la Sra. Carmen Iris Rodríguez Pastrana quien aparece como compareciente en las escrituras.

269, 275 (1986). Certificar un hecho falso, por lo tanto, es una de las faltas más graves que puede cometer un notario. Véanse, *e.g.*: *In re Vargas Hernández*, supra, pág. 607; *In re Medina Lugo*, supra, pág. 124.

El licenciado Iglesias Pérez violó flagrantemente la Ley Notarial de Puerto Rico e incurrió en una falta grave al permitir que la Sra. María del Carmen Rondón Rodríguez falsificara ante él la firma de su madre, la Sra. Carmen Iris Rodríguez Pastrana, en las escrituras otorgadas el 12 de enero de 1981.

Su conducta violó, además, los deberes de sinceridad y honradez que le impone el Canon 35 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.

Por lo tanto, *decretamos la suspensión indefinida de la práctica de la notaría en Puerto Rico del abogado Miguel A. Iglesias Pérez. Se le ordena al Alguacil de este Tribunal que se incaute inmediatamente de la obra notarial del licenciado Iglesias Pérez y se la entregue a la Directora de la Oficina de Inspección de Notarías para el examen e informe correspondientes al Tribunal.*

*Se dictará la correspondiente sentencia.*

El Juez Asociado Señor Rebollo López no intervino.