per curiam:
I
El Lie. Nelson Vélez Lugo fue admitido al ejercicio de la abogacía y del notariado el 6 y 23 de junio de 1983, respectivamente.
El 1 de agosto de 2002, la señora Martí Rodríguez pre-sentó una demanda de divorcio y división de bienes ganan-ciales contra el señor Chávez Velázquez. El licenciado Vé-lez Lugo asumió la representación legal del demandado.
En ese pleito, el foro primario emitió tma resolución que ordenó la coadministración de los bienes de la Sociedad de Bienes Gananciales. Sin embargo, se alega que el señor Chávez Velázquez enajenó un automóvil perteneciente a la Sociedad Legal de Gananciales sin el consentimiento de la señora Martí Rodríguez. -
La señora Martí Rodríguez se negó a entregar el vehí-culo cedido. El licenciado Vélez Lugo, esta vez como abo-gado del adquiriente del vehículo, presentó una demanda contra la señora Martí Rodríguez por la alegada retención *856 ilegal del vehículo. La señora Martí Rodríguez arguye que la función del licenciado Vélez Lugo en ambos pleitos vio-lenta el Código de Ética Profesional.
El Procurador General, cumpliendo con la orden de este Tribunal, presentó una querella contra el licenciado Vélez Lugo. En dicha querella, el Procurador General imputa tres cargos por violaciones a los Cánones 15, 18 y 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. En contes-tación a la querella, el abogado alega que en ambos pleitos los intereses que él representaba eran contrarios a los de la querellante, por lo que no había violación ética ni conflicto de intereses. Además, en su contestación se manifestó contra la querellante como “manipuladora” y de persona “que pretende tener credibilidad donde no la tiene”. Querella, pág. 2. El 25 de enero de 2006 nombramos un Comisionado Especial para que, luego de evaluar la prueba y los alega-tos, nos rindiera un informe con determinaciones de hecho y las recomendaciones que concluyera que procedían.
Finalizada su encomienda, el Comisionado Especial de-terminó que no se configuró la violación al Canon 15 del Código de Ética Profesional, supra, pues las palabras uti-lizadas no fueron suficientes para ofender a la querellante. Igualmente, no encontró prueba clara, robusta y convin-cente en cuanto a la violación al Canon 18, supra. No obs-tante, el Comisionado concluyó que al asumir la represen-tación legal del comprador del vehículo, el abogado, al menos, creó la apariencia de conducta impropia, conflicto de intereses y de injusticia.
El licenciado Vélez Lugo presentó una réplica al informe del Comisionado Especial. El caso quedó sometido para nuestra consideración el 20 de agosto de 2008. Con el be-neficio del expediente completo, estamos en posición de resolver.
*857 II
El Código de Ética Profesional prescribe “las pautas mínimas que deben guiar a los miembros de la clase togada en el desempeño de su delicada labor”. In re Gordon Menéndez I, 171 D.P.R. 210 (2007). Los cánones requieren de los abogados un comportamiento honrado, sincero, digno y honorable. In re Díaz Ortiz, 150 D.P.R. 418, 424 (2000).
El Canon 15 del Código de Ética Profesional, supra, impone a los abogados el deber de respeto hacia las partes contrarias. Un abogado que actúe inspirado por la animosidad o los prejuicios de su cliente viola las normas éticas de la profesión.
Un abogado tiene el deber de utilizar el lenguaje de ma-nera propia y respetuosa. Tiene que evitar el uso del len-guaje grosero o hacer imputaciones falsas y desprovistas de una razonable presunción de corrección. In re Vélez Cardona, 148 D.P.R. 505, 507 (1999). En síntesis, esta exigen-cia ética promueve el trato cortés y respetuoso del abogado hacia sus adversarios.
Un abogado debe evitar “que sus expresiones puedan ser interpretadas ... como que está poniendo en tela de juicio su honradez, moral y honestidad”. In re Matos González, 149 D.P.R. 817, 819 (1999). El deber de defender una posición con vehemencia no faculta a un abogado a proce-der de manera imprudente.
Por su parte, el Canon 18 del Código de Ética Profesional, supra, demanda de un abogado una labor profesional competente y celosa. Ahora bien, esto no es óbice para comportarse al margen de la ley.
El Canon 38 del Código de Ética Profesional, supra, en lo pertinente, dispone:
El abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque *858 el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia. (Enfasis suplido.)
El deber solemne que tiene un abogado con la justicia precisa un comportamiento decoroso. La justicia “debe ser inmaculada no sólo en su realidad interior sino también en su apariencia externa”. In re Rodríguez Torres, 104 D.P.R. 758, 766 (1976). La mera apariencia de conducta impropia puede resultar muy perniciosa en el respeto que tiene la ciudadanía hacia sus instituciones de justicia. In re Gordon Menéndez I, supra. La norma ética que repudia la apa-riencia de conducta impropia constituye una base indepen-diente para la evaluación de responsabilidad profesional, íd. “No obstante, la apariencia de conducta impropia tiene que sostenerse sobre la impresión que se da al público de la violación efectiva de alguno de los Cánones de Etica Profesional.” In re Sepúlveda Girón, 155 D.P.R. 345, 361 (2001).
Las determinaciones de hecho de un Comisionado Especial merecen gran deferencia, aunque esto no limita el poder de adjudicación de este Tribunal cuando éstas demuestren prejuicio, parcialidad o error manifiesto. In re Soto López, 135 D.P.R. 642, 646 (1994).
III
Con el beneficio de las normas antes descritas, pasamos a evaluar los hechos que motivan la presente querella.
El licenciado Vélez Lugo expresó en la contestación a la presente querella que la señora Martí Rodríguez era una “manipuladora” y que pretendía “tener credibilidad donde no la tiene”. Querella, pág. 2. Al igual que el Comisionado Especial, consideramos que estas expresiones, aunque no sean las más apropiadas, por sí solas, son insuficientes para constituir una violación al Canon 15 del Código de Ética Profesional, supra. No empece, reiteramos el deber *859 de todo abogado de dirigirse a las partes adversas con res-peto y consideración. Es importante recalcar que un abo-gado se debe conducir con tolerancia y afabilidad hacia los demás cuando defiende sus posturas.
El Canon 18 del Código de Etica Profesional, supra, pre-tende asegurar que toda parte que solicita los servicios de un abogado, reciba un servicio idóneo y dedicado. Del ex-pediente no surge prueba que tienda a reflejar una actua-ción descuidada por parte del licenciado Vélez Lugo para con sus clientes. Aunque al aceptar la representación legal impugnada, el licenciado Vélez Lugo no actuó con pruden-cia, no surge que no haya actuado con la diligencia esperada.
No obstante, nos resulta clara la violación al Canon 38 del Código de Etica Profesional, supra. Hemos reiterado consistentemente que un abogado debe evitar hasta la mera apariencia de conducta impropia. El fundamento para esto es sencillo y fundamental: la mínima posibilidad de conducta impropia lacera la imagen y confianza que el pueblo tiene en sus instituciones de justicia.
El licenciado Vélez Lugo, asumió la representación legal del adquiriente del vehículo para demandar a la señora Martí Rodríguez. En ese momento, el licenciado Vélez Lugo era abogado en el pleito de divorcio donde se inten-taba dividir los bienes gananciales, uno de lo cuales era el vehículo. Este proceder nos parece impropio. Al menos, esta actuación vulnera la confianza de los involucrados en nuestro sistema judicial. Es importante que un abogado entienda que en muchas ocasiones el exaltar el honor de la profesión conlleva prudencia y sacrificios.
El licenciado Vélez Lugo al proceder como lo hizo, ejer-ció su función con apariencia de impropiedad, cosa que está reñida con los cánones de ética profesional. Al repre-sentar al adquiriente del vehículo se sentaban las bases para un potencial conflicto de intereses. Cabe destacar que quien cedió el vehículo a su nuevo cliente era otro cliente *860 suyo en un caso directamente relacionado con el vehículo. Este abogado conocía de la orden judicial que prohibía la cesión que trataba de legitimar en la demanda contra la señora Martí Rodríguez. Era deber del licenciado Vélez Lugo evitar la aparente o potencial conducta rechazada por las normas éticas.
Al determinar la sanción disciplinaria que pro-cede contra un abogado por conducta impropia, se debe considerar el previo historial del abogado, si el abogado goza de buena reputación, la aceptación de la falta y su sincero arrepentimiento, si fue realizada con ánimo de lucro y cualquier otro factor pertinentes a los hechos. In re Díaz Ortiz, supra; In re Arroyo Rivera, 148 D.P.R. 354 (1999).
El licenciado Vélez Lugo anteriormente había tenido que ser amonestado por este Tribunal en In re Vélez Lugo, 168 D.P.R. 492 (2006), y en In re Vélez Lugo, 164 D.P.R. 751 (2005). En uno de estos procedimientos disciplinarios le censuramos enérgicamente y le señalamos apariencia de conducta impropia, y de la necesidad de evitar cualquier real o potencial conflicto de intereses.
Como mitigantes de su responsabilidad disciplinaria, es necesario señalar que: renunció a la representación legal impugnada por razón de la querella, el pleito se resolvió sin perjuicio a las partes involucradas y ha demostrado un sincero arrepentimiento.
Atendiendo todos los factores señalados, y por los fun-damentos antes expuestos, suspendemos al licenciado Vé-lez Lugo del ejercicio de la abogacía por el término de tres meses. Le apercibimos que, de repetirse en un futuro la conducta que dio lugar a esta querella, seremos mucho más severos en nuestra sanción.
El querellado tiene el deber de notificar a todos sus clientes de su inhabilidad para continuar con su represen-tación y les devolverá los expedientes de los casos pendien-tes y los honorarios recibidos por trabajos no rendidos. *861 Además, informará oportunamente de su suspensión a los foros judiciales y administrativos. Debe certificar a este Tribunal el cumplimiento con lo aquí dispuesto dentro del término de treinta días el cumplimiento con lo aquí dispuesto.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Rivera Pérez se inhibió. La Jueza Asociada Señora Fiol Matta no intervino. La Juez Asociada Señora Rodríguez Rodríguez hace constar que está conforme con la determinación del Tribunal respecto a la desestimación de cargos imputados por violaciones a los Cánones 15 y 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, y que disiente de la conclusión del Tribunal de que el licenciado Vélez Lugo incurrió en violación del citado Canon 38 del Código de Ética Profesional, por lo cual des-estimaría la querella instada.