per curiam:
I
El Ledo. Adán Rodríguez Lugo fue admitido al ejercicio de la abogacía el 30 de enero de 2001. El licenciado Rodrí-guez Lugo no es notario en esta jurisdicción.
El 28 de septiembre de 2006, el Sr. Esteban Correa Alo-mar presentó una queja contra el licenciado Rodríguez Lugo (CP-2008-10). Esta queja originalmente se había pre-sentado ante el Colegio de Abogados y se desistió. El 6 de noviembre de 2006, la Sra. Vidalina Rivera Torres compa-reció ante nos y le imputó al licenciado Rodríguez Lugo violaciones a los cánones de ética profesional (CP-2008-11).
El querellado no pudo contestar las quejas presentadas en su contra dentro del tiempo que se le concedió, pues no notificó a este Tribunal el cambio de su dirección.
Ante esto, referimos ambas quejas al Procurador General para que realizara la evaluación correspondiente a las imputaciones hechas contra el querellado. El 24 de mayo de 2007 y el 20 de junio de 2007, el Procurador General presentó dos informes con la evaluación de las alegaciones de los quejosos. Para la querella CP-2008-10 el Procurador General encontró violaciones a los Cánones 18, 19 y 20 del Código de Etica Profesional, 4 L.P.R.A. Ap. IX, e incumpli-miento con la Regla 9(j) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A. Por su parte, para la querella CP-2008-22 el Procurador General determinó que se ha-bían violado los Cánones 18 y 19 del Código de Etica Pro- *1026 fesional, supra, y omitido lo requerido por la Regla 9(j) del Reglamento del Tribunal Supremo, supra.
El 11 de septiembre de 2008, el licenciado Rodríguez Lugo presentó dos escritos en contestación a las querellas presentadas en su contra. En síntesis, el licenciado aceptó los hechos imputados y expresó su profundo arrepenti-miento por la conducta exhibida. El 30 de octubre de 2008 nombramos Comisionada Especial a la Hon. Eliadis Orsini Zayas.
El 17 de febrero de 2009, la Comisionada Especial rin-dió un informe consolidando ambas querellas. Encontró que el licenciado Rodríguez violó los Cánones 18, 19 y 20 del Código de Ética Profesional, supra, y a la Regla 9(j) del Reglamento del Tribunal Supremo, supra. Después de con-siderar varios atenuantes, la Comisionada Especial reco-mendó la suspensión del querellado por dieciocho meses del ejercicio de la abogacía. Según la Comisionada Especial, el querellado demostró arrepentimiento y aceptó los hechos básicos durante todo el proceso ante su consideración.
Con el beneficio del expediente completo, estamos en posición de resolver.
II
Los hechos imputados en la querella no están en contro-versia, pues el querellado los acepta.
El Sr. Esteban Correa Alomar contrató por escrito los servicios del querellado para preparar y presentar una apelación en el Tribunal de Apelaciones. Para dichos servi-cios se pactaron los honorarios de abogado en $1,500. Ade-más, se dispuso una suma de $600 adicionales en caso de tener que acudir al Tribunal Supremo, los cuales serían pagaderos quince días antes de vencer el término para recurrir.
El cliente realizó un pago de $285 para, según lo pac-tado, acudir en recurso de certiorari a este Tribunal. Dicho *1027 pago se hizo tres días antes de vencer el término para recurrir. El querellado aceptó que no presentó el recurso porque el cliente no le satisfizo los honorarios pactados. En agosto de 2005 y luego de iniciado el proceso ante el Cole-gio de Abogados, el querellado devolvió los honorarios de abogado que se le pagaron. El querellante alegó que el pago se hizo completo, pues hubo un acuerdo verbal que modificó los honorarios para el recurso de revisión. La Co-misionada Especial determinó que el pago se hizo incom-pleto y tardío, y que el contrato no fue enmendado como se alegó en la querella.
Por otro lado, la Sra. Vidalina Rivera Torres contrató los servicios del querellado para evaluar un caso de impericia médica. La querellante hizo un pago inicial de $300 para que el querellado evaluara su expediente médico y deter-minar la procedencia de su reclamación. El querellado acepta que no realizó gestión alguna en beneficio de su cliente. El querellado nunca envió a buscar el expediente médico ni evaluó la posible causa de acción de la señora Rivera Torres. Se alega que el licenciado Rodríguez Lugo había mudado su oficina profesional sin comunicarse con la querellante. No es hasta un año después que la quere-llante se enteró de que su reclamación no se evaluó ni presentó.
El querellado le reembolsó a esta dienta el dinero que ella le pagó. Lo hizo luego de que el Procurador General rindiera su informe.
III
En reiteradas ocasiones hemos manifestado que el Código de Etica Profesional pauta las normas mínimas que rigen a los abogados en el ejercicio de su delicada labor. In re Filardi Guzmán, 144 D.P.R. 710, 715 (1998). Las exigencias éticas requieren de los abogados un comportamiento honrado, sincero, digno y honorable. In re Díaz Ortiz, 150 D.P.R. 418, 424 (2000).
*1028 La Regla 9(j) del Reglamento del Tribunal Supremo, supra, dispone en lo pertinente lo siguiente:
(j) El(la) Secretario (a) llevará un registro de abogados(as) en el cual inscribirá en orden cronológico a base de la fecha de admisión al ejercicio de la profesión, los nombres de todos(as) los(as) abogados(as) autorizados(as) a postular ante este tribunal, las fechas en que fueron admitidos al ejercicio de su pro-fesión y su dirección postal y residencial. ... Todo(a) aboga-do(a) tendrá la obligación de notificar al(a la) Secretario(a) cualquier cambio de dirección postal o física. (Enfasis suplido.)
Hemos resuelto reiteradamente que incumplir con el de-ber de notificar cualquier cambio en la dirección postal o física menoscaba nuestra facultad disciplinaria y es causa suficiente para decretar la suspensión indefinida de un abogado. Col. Abogados P.R. v. Dávila, 152 D.P.R. 221, 224-225 (2000); In re Aponte Sierra, 128 D.P.R. 177, 179 (1991); In re Berrios Pagán, 126 D.P.R. 458, 459 (1990); In re Kieffer, 117 D.P.R. 767, 770-771 (1986).
El Canon 18 del Código de Ética Profesional, supra, exige que el abogado haga su gestión diligente y competentemente. El referido canon dispone, en lo pertinente:

Canon 18. Competencia del abogado y consejo al cliente

Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuada-mente sin que ello apareje gastos o demoras irrazonables a su cliente o ala administración de la justicia.
Es deber del abogado defender los intereses del cliente dili-gentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurí-dica en general estima adecuada y responsable.
Este Tribunal ha expresado que los abogados tienen “el deber de defender los intereses de sus clientes diligente-mente, desplegando su máximo conocimiento”. In re Pizarro Colón, 151 D.P.R. 94, 105 (2000). Un abogado no puede olvidar que la “indiferencia, desidia, despreocupación, in-acción y displicencia en la tramitación de un caso, viola el *1029 Canon 18”. Íd. En In re Verdejo Roque, 145 D.P.R. 83, 87 (1999), reiteramos que “un abogado que acepta un caso y luego no demuestra la competencia y diligencia que exige el ejercicio de la abogacía y tampoco mantiene al cliente informado de los desarrollos del caso, incurre en una vio-lación seria a la ética profesional”.
Por otra parte, el Canon 19 del Código de Ética Profesional, supra, impone al abogado la responsabilidad de mantener a sus clientes informados de las cuestiones importantes de los casos que atiende. Esta norma ética pretende hacer viable una comunicación efectiva entre el abogado y su representado. Para poder cumplir con esta exigencia ética es esencial que el abogado esté disponible y accesible. Este deber de los abogados es una obligación ética independiente. In re Ríos Ríos, 175 D.P.R. 57 (2008). Se incumple con el Canon 19 cuando el abogado no atiende los reclamos de información del cliente; no se le informa sobre asuntos importantes del caso o una decisión adversa; no se mantiene al cliente informado del estado procesal del caso, o simplemente se niega a dar información del caso al cliente. In re Ríos Ríos, supra. Es importante que la información se provea a tiempo para que el cliente pueda tomar decisiones sobre su caso. Colón Prieto v. Géigel, 115 D.P.R. 232, 240 (1984).
El Canon 20 del Código de Ética Profesional, supra, dicta el procedimiento que debe seguir un abogado al renunciar a la representación legal de un cliente. Por su rol fundamental, un abogado antes de renunciar debe tomar todas las medidas razonables que eviten perjuicios al derecho de su cliente. El Canon 20 prescribe algunas de las medidas que pueden ser necesarias, a saber: notificar al cliente; aconsejarle sobre la necesidad de conseguir nueva representación legal y concederle tiempo para esto; notificar términos de ley que puedan afectar su derecho o para la presentación de cualquier escrito, y cualquier otra disposición legal del tribunal. Además, al ser efectiva la renuncia, el abogado debe entregar al cliente el expediente *1030 de su caso y reembolsar inmediatamente cualquier canti-dad adelantada que le hayan pagado por como honorarios de abogado por los servicios no prestados.
Hemos manifestado que en nuestra jurisdicción un abogado no tiene derecho a retener los documentos de un cliente ni a gravar bienes de este último aunque medien controversias respecto a los honorarios profesionales. Nassar Rizek v. Hernández, 123 D.P.R. 360 (1989); In re Vélez, 103 D.P.R. 590 (1975). "Constituye una grave falta que el abogado retenga una suma de dinero que le adelantó el cliente en concepto de honorarios sin realizar la gestión a la cual se comprometió.” In re Pereira Esteves, 131 D.P.R. 515, 523 (1992).
Como tenemos presente que el abogado tiene la loable función de representar a terceros en la reclamación de sus derechos, no podemos refrendar la inacción del querellado. El hecho de no ser compensado por sus servicios no es excusa para que un abogado desatienda la defensa de su cliente. In re Pereira Esteves, supra. En reiteradas ocasiones hemos reconocido que “[l]a profesión de la abogacía no es un mero negocio con fines de lucro”. In re Clavell Ruiz, 131 D.P.R. 500, 510 (1992).
IV
Tras analizar los hechos que motivan las querellas ante nos, concluimos que el licenciado Rodríguez Lugo violó los Cánones 18,19 y 20 del Código de Ética Profesional, supra, y la Regla 9(j) del Reglamento del Tribunal Supremo, supra.
Resulta evidente la incompatibilidad de la conducta del querellado con el citado Canon 18. Aceptar la representa-ción legal de los querellantes y luego no exhibir la diligen-cia que de un abogado se espera viola gravemente la norma ética aludida. El señor Correa Alomar y el querellado lle-garon a un acuerdo sobre los términos de la representación *1031 legal ante este Tribunal. La ausencia de pago por el balance adeudado en concepto de honorarios de abogado no justifica la desidia del abogado. La falta de diligencia mos-trada impidió que el cliente del querellado ejerciera su de-recho a revisar una sentencia emitida por el Tribunal de Apelaciones.
Por otra parte, el querellado fue altamente negligente en su gestión profesional en nombre de la señora Rivera Torres. Después de ser contratado por la querellante para que evaluase su expediente médico, el querellado no hizo gestión alguna para cumplir con su labor. La incompeten-cia mostrada por el licenciado Rodríguez Lugo impidió a la querellante auscultar la posibilidad de exigir el reparo de sus agravios.
El abogado cambió de dirección sin notificar a sus clien-tes su nueva dirección y cuestiones relevantes al caso, como, por ejemplo, que no se presentó el recurso en el caso del señor Correa Alomar. No es hasta un año después que la señora Rivera Torres supo que nada se había hecho en relación con los servicios que contrató. Es claramente con-cluyente que las actuaciones del querellado violentaron el Canon 19 del Código de Etica Profesional, supra, al no mantener adecuadamente informados a sus clientes.
Por otra parte, el querellado incumplió con el Canon 20 del Código de Etica Profesional, supra, al no reembolsar inmediatamente los honorarios adelantados por servicios no rendidos y por abandonar la representación legal de sus clientes sin tomar las medidas cautelares que este canon exige. En ambos casos el querellado devolvió la cantidad pagada en concepto de honorarios varios años después de haberle sido entregados y luego del inicio de los procesos disciplinarios en su contra.
El querellado cambió de dirección sin notificarlo a este Tribunal. Este proceder, además de estar reñido con el Re-glamento del Tribunal Supremo, lacera nuestra indelega-ble función disciplinaria. Esta actuación provocó que se in-terrumpiera y atrasara el proceso disciplinario contra el querellado.
*1032 Para imponer una sanción disciplinaria a un abogado por conducta impropia, es necesario considerar el previo historial del abogado; si el abogado goza de buena reputación; la aceptación de la falta y su sincero arrepentimiento; si se realizó con ánimo de lucro, y cualquier otro factor pertinente a los hechos. In re Díaz Ortiz, supra; In re Arroyo Rivera, 148 D.P.R. 354 (1999).
Es menester señalar que el querellado, desde el inicio del proceso, aceptó su culpa y mostró un sincero arrepentimiento. Además, esta es la primera falta del abo-gado y aunque tardíamente, el querellado reembolsó el dinero dado en concepto de honorarios de abogado.
Luego de darle especial atención a los hechos y factores señalados, suspendemos al licenciado Rodríguez Lugo del ejercicio de la abogacía por el término de dieciocho meses, término recomendado por la Comisionada Especial. Censu-ramos firmemente las actuaciones del querellado, eviden-temente contrarias a las normas éticas de la profesión. Le apercibimos que, de repetirse en un futuro la conducta que dio lugar a esta querella, seremos mucho más severos en nuestra sanción.
V
Por los fundamentos antes expuestos, suspendemos al Ledo. Adán Rodríguez Lugo del ejercicio de la abogacía por el término de dieciocho meses y se dicta sentencia en con-formidad con lo aquí dispuesto.
El querellado tiene el deber de notificar a todos sus clientes de su inhabilidad para continuar con su represen-tación y devolverá a éstos los expedientes de los casos pen-dientes así como los honorarios recibidos por trabajos no rendidos. Además, tiene el deber de informar oportuna-mente de su suspensión a los foros judiciales y administrativos. Estas gestiones deberán ser certificadas a este Tribunal dentro del término de treinta días a partir de la notificación de esta opinión per curiam y Sentencia.

*1033
Se dictará sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez concu-rrió con el resultado sin opinión escrita.