PER CURIAM:
Nos corresponde atender una querella contra un aboga-do-notario a quien se le imputa haber incurrido en viola-ciones a los Cánones 12, 18 y 19 del Código de Ética Pro-fesional, 4 L.P.R.A. Ap. IX.
*876 Por entender que las actuaciones del querellado se apar-taron de las normas éticas que rigen el ejercicio de la pro-fesión, ordenamos la suspensión inmediata del licenciado Plaud González del ejercicio de la abogacía y de la notaría por el término de seis meses.
I
El Ledo. José A. Plaud González (el querellado), fue ad-mitido al ejercicio de la abogacía el 26 de junio de 1996 y al ejercicio de la notaría el 19 de septiembre del mismo año. El 15 de marzo de 2007 se presentó ante este Tribunal una queja contra el licenciado Plaud González por alegado in-cumplimiento de sus obligaciones como abogado con su cliente durante su representación legal en un caso civil ante el Tribunal de Primera Instancia. A continuación ex-ponemos un resumen de los hechos que motivaron el pro-ceso disciplinario que hoy atendemos.
A. El 16 diciembre de 2002, el Sr. Carlos J. Ortiz Morales (el quejoso) contrató verbalmente con el licenciado Plaud González para que este lo representara en un pleito civil sobre división de comunidad de bienes (caso Núm. G3CI200200615) en el Tribunal de Primera Instancia, Sala de Patillas, en la que el quejoso era el demandado. Especí-ficamente, el licenciado Plaud González debía contestar una demanda presentada el 26 de noviembre de 2002 en el Tribunal de Primera Instancia, Sala de Patillas, en repre-sentación del Sr. Carlos J. Ortiz Morales. Así, pues, el Sr. Carlos J. Ortiz Morales entregó al licenciado Plaud Gonzá-lez: $500 en efectivo como adelanto de sus honorarios, co-pia de una escritura sobre segregación y compraventa re-lacionada con el inmueble objeto de controversia en el caso y copia de las planillas de contribución sobre ingresos para 1992-1993.
*877 Así las cosas, el 23 de diciembre de 2002, la parte de-mandante(1) solicitó que se anotara la rebeldía del deman-dado, el Sr. Carlos J. Ortiz Morales, pues había transcu-rrido el término prescrito por ley para que este contestara la demanda. El foro primario proveyó “no ha lugar” a la solicitud de la parte demandante, pues el demandado, por conducto del licenciado Plaud González, contestó la de-manda el 9 de enero de 2003. En vista de lo anterior, y a solicitud de la parte demandante, el Tribunal de Primera Instancia señaló una vista procesal que habría de cele-brarse el 25 de abril de 2003.
Según surge de la minuta de la mencionada vista, el licenciado Plaud González no compareció a ella a pesar de que fue notificado. Así, el tribunal señaló otra vista para el 11 de julio de 2003 y notificó al licenciado Plaud González. Entretanto, el 14 de abril y el 20 de mayo de 2003, la parte demandante presentó ante el foro primario una moción in-formativa y un escrito informativo sobre descubrimiento de prueba, respectivamente, en los que indicó que remitió a la parte demandada un aviso de toma de deposición y un pliego de interrogatorio por conducto del licenciado Plaud González.
Debido a que la parte demandada no compareció a la vista señalada para el 11 de julio de 2003 ni contestó los requerimientos de prueba, el tribunal de instancia rese-ñaló la vista para celebrarse el 8 de agosto de 2003. Ni el demandado ni el licenciado Plaud González compare-cieron.(2) Surge de la minuta de esa vista que la parte de-mandada no había sometido la contestación al interrogato-rio que le había enviado la parte demandante desde mayo de 2003 por lo que el foro primario concedió un término de quince días a la parte demandada para contestar, so pena *878 de eliminar alegaciones, e impuso una sanción económica de $250 a favor del Estado y $250 a favor de la parte demandante.(3)
El 29 de enero de 2004, la parte demandante presentó un escrito al amparo de la Regla 34 de Procedimiento Civil, 32 L.P.R.A. Ap. III, en el que indicó que a pesar de los múltiples requerimientos extrajudiciales a la parte deman-dada para que contestara los requerimientos de prueba es-tos aún no habían sido contestados ni se había tomado la deposición. Por esto, la parte demandante solicitó que se le eliminaran las defensas afirmativas al demandado. Como consecuencia, el tribunal señaló una vista para el 7 de mayo de 2004 la cual fue notificada al licenciado Plaud González.(4) En esta ocasión, el licenciado Plaud González compareció a la vista y llevó la contestación al interrogato-rio cursado por la parte demandante, pero sin la firma del demandado, pues, según alegó, no pudo comunicarse con el demandado. Se señaló en la minuta de esa vista que el licenciado Plaud González aún no había satisfecho las san-ciones impuestas por lo que el tribunal le concedió un tér-mino improrrogable de diez días para consignarlas y, en el mismo término, proveer las contestaciones al interro-gatorio.
Así, pues, el tribunal señaló una vista de continuación sobre el estado de los procedimientos para el 9 de julio de 2004. El licenciado Plaud González compareció a dicha vista en representación del demandado mas nuevamente incumplió con proveer la contestación al interrogatorio y no consignó las sanciones económicas que impuso el Tribunal. Ante esa conducta, el tribunal hizo constar en el expediente del caso que la parte demandada había incum-plido con sus órdenes. No obstante lo anterior, ese mismo *879 día de la vista, el licenciado Plaud González presentó una moción informativa en la que anunció al tribunal que re-mitió a la parte demandante un requerimiento de admisiones.
Por su parte, la parte demandante compareció el 12 de julio de 2004, mediante un escrito al amparo de la Regla 34 de Procedimiento Civil, supra, en el que informó que la parte demandada todavía no había accedido con el descu-brimiento de prueba que sometió la parte demandante, a pesar de que el término provisto por el tribunal se había vencido, por lo que solicitó que se eliminaran las alegacio-nes y defensas de la parte demandada. En la misma fecha, la parte demandante presentó un escrito al amparo de la Regla 23.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, en el que solicitó una orden protectora para que se declarara “no ha lugar” el requerimiento de admisiones que remitió la parte demandada.
Por lo anterior, el 18 de agosto de 2004, el tribunal emi-tió una resolución y orden en la que hizo una relación de los eventos procesales descritos, y expresó lo siguiente:
Nos resulta insólito que, no empece las órdenes del Tribunal concediendo términos perentorios para remitir la contestación a Interrogatorio a la representación legal de la parte deman-dante y no empece a las sanciones económicas impuestas, el Ledo. Plaud, no sólo incumple con las mismas sino que tiene la osadía de informar al Tribunal que está sometiendo un Reque-rimiento de Admisiones a la otra parte cuando, al día de hoy, ni ha sometido las contestaciones al Interrogatorio que se le cursó ni ha consignado las sanciones económicas impuestas. Resulta, además, insostenible, que en las dos ocasiones en las que compareció el Ledo. Plaud ante esta juez, indicara que tenía consigo las contestaciones al Interrogatorio, pero que sólo le faltaba juramentarlo (7 de mayo de 2004 y 9 de julio de 2004).
Así, el tribunal concluyó que la conducta del licenciado Plaud González en el trámite del caso ante su considera-ción fue “de mala fe y con el único propósito de dilatar los procedimientos”. A base de lo anterior, el tribunal eliminó *880 las alegaciones y defensas planteadas por la parte deman-dada, concedió la orden protectora solicitada por la parte demandante y le requirió al licenciado Plaud González que mostrara causa por la cual no debía ser encontrado en des-acato por no cumplir con el pago de las sanciones económi-cas impuestas y las contestaciones al interrogatorio en el término concedido para ello. Nuevamente el licenciado Plaud González incumplió, por lo que el 4 de octubre de 2004, el tribunal emitió una orden en la que concedió cinco días para contestar el interrogatorio y satisfacer las san-ciones económicas.
Mientras, el 25 de octubre de 2004, la parte deman-dante presentó nuevamente un escrito al amparo de la Re-gla 34 de Procedimiento Civil, supra, en el que señaló que a pesar de lo dispuesto por el tribunal en su resolución y orden de 18 de agosto de 2004, el licenciado Plaud Gonzá-lez no ha actuado conforme a lo allí dispuesto. El 12 de noviembre de 2004, el tribunal emitió otra resolución y or-den en la que señaló que el licenciado Plaud González “no recurrió, ni tampoco procedió a cumplir con ninguna de las órdenes dictadas” por este. En vista de lo anterior, el tribunal señaló una vista en rebeldía que habría de celebrarse el 17 de diciembre de 2004, impuso una sanción económica adicional al licenciado Plaud González de $750 a favor del Estado y ordenó que depositara esa cantidad junto con los $250 de la sanción impuesta desde el 8 de agosto de 2003, en el término de cinco días.
El tribunal suspendió la vista en rebeldía y la señaló para el 20 de mayo de 2005. Surge de la minuta de esa vista que ni el licenciado Plaud González ni su represen-tado comparecieron a pesar de que el primero fue notifi-cado de esta. El tribunal señaló una vista para el 10 de junio de 2005 y ordenó a que se le notificara a la parte demandada a su dirección del expediente o a través de la oficina de alguaciles, pues el licenciado Plaud González no proveyó una dirección precisa de su cliente. A la mencio- *881 nada vista en rebeldía compareció el demandado represen-tado por el licenciado Plaud González, siendo esta la pri-mera vez que el demandado acudía a una vista de su caso por no recibir anteriormente notificación alguna por parte de su representación legal sobre las vistas anteriores.
En la vista en rebeldía surgió que el licenciado Plaud aún no había satisfecho las sanciones económicas que le impuso el tribunal y aún no había producido los documen-tos solicitados por la parte demandante desde mayo de 2003. Sobre lo anterior, el licenciado Plaud González no dio explicación alguna al tribunal sobre el porqué de sus incumplimientos. Tampoco solicitó al tribunal que retirara la sanción impuesta que eliminó las alegaciones y defensas del demandado. Aunque el licenciado Plaud González alegó estar preparado para ver la vista, el tribunal concedió quince días adicionales a las partes para completar el des-cubrimiento de prueba y cinco días al licenciado Plaud González para que cumpliera con el pago de las sanciones impuestas.
El 10 de junio de 2005, el Sr. Carlos J. Ortiz Morales entregó al licenciado Plaud González un cheque por $3,000 que este le solicitó y el 16 de junio del mismo año, el licen-ciado Plaud González depositó en el tribunal los $1,000 que sumaban las sanciones impuestas. Así las cosas, el 2 de septiembre de 2005 se celebró el juicio y el 21 de noviembre del mismo año el tribunal dictó una sentencia a favor de la parte demandante.
Por lo anterior, el 6 de diciembre de 2005, el licenciado Plaud González presentó una moción de reconsideración la que fue declarada “no ha lugar” por falta de jurisdicción. Luego, el licenciado Plaud González presentó una moción de relevo de sentencia, que fue declarada “no ha lugar”, y el 19 de septiembre de 2006, presentó una moción urgente en la que solicitó la paralización de los procedimientos. En la moción informó, además, sobre la apelación de una que-rella que el demandado presentó contra el juez que atendía *882 el caso, y que fue archivada mas no dijo nada sobre la ape-lación de la sentencia del caso.
Finalmente, el licenciado Plaud González solicitó ser re-levado de ser representante legal del Sr. Carlos J. Ortiz Morales pues, según alegó, no había comunicación entre ellos y este le había mencionado que se querellaría contra él. La parte demandante se opuso a la solicitud de relevo de la representación legal, pues se dilatarían aún más los procedimientos. Así, tras varios incidentes procesales, el Tribunal emitió una resolución mediante la cual relevó al licenciado Plaud González de la representación legal del demandado.(5)
B. Por todo lo anterior, el 15 de marzo de 2007, el Sr. Carlos J. Ortiz Morales presentó ante este Tribunal una queja (AB-2007-91) contra el licenciado Plaud González en la que alegó que este incumplió en su rol de abogado, pues nunca le notificó de los procedimientos, sanciones y vistas en el tribunal. Indicó el quejoso que el licenciado Plaud González se volvió inaccesible, pues no respondía llamadas y no podía ser localizado por él. De igual manera, señaló el quejoso que tal comportamiento ocasionó que se elimina-ran alegaciones y defensas de la parte demandada y, peor aún, ocasionó que venciera el término para apelar la sen-tencia emitida en su contra. Añadió el quejoso que el licen-ciado Plaud González no asumió una buena conducta pro-fesional, actuó de mala fe e intencional, no cumplió con los cánones del Código de Ética Profesional e “hizo posible que [se] violar [a] n [sus] derechos constitucionales”. Por su parte, el licenciado Plaud González replicó que fue el que-joso quien desapareció por un término de dos años y, a sabiendas, no obedecía las órdenes del tribunal.
*883 C. Tras varios incidentes procesales,(6) el 21 de no-viembre de 2008, autorizamos al Procurador General a for-mular cargos contra el licenciado Plaud González por vio-lación a los Cánones 12, 18 y 19 del Código de Etica Profesional, supra. En cumplimiento con lo anterior, el 16 de diciembre de 2008 el Procurador General(7) presentó una querella disciplinaria contra el licenciado Plaud Gon-zález en la que imputó tres cargos a saber.
En el Cargo I, el Procurador General le imputó al que-rellado haber violado el Canon 12 del Código de Etica Pro-fesional, supra, pues el Procurador entendió que “[a]ún dando por cierta la alegación del querellado de que perdió comunicación con su representado, ello no explicaría su consecuente ausencia de las vistas del caso para las cuales fue debidamente citado”. Querella, págs. 4-5. Debido a lo anterior, el Procurador entendió que la gestión profesional del licenciado Plaud González ocasionó dilación indebida al trámite judicial.
En lo que respecta al Cargo II, el Procurador le imputó al querellado infringir el Canon 18 del Código de Ética Pro-fesional, supra, pues de los autos del caso surge que el querellado obvió los señalamientos de vista del Tribunal y no fue hasta después de. ser sancionado con una multa que éste compareció por primera vez a un señalamiento de vista. El Procurador entendió que “[d]e ser correcta la afir-mación de que había perdido contacto con su cliente, éste debió informarlo al tribunal y solicitar su relevo como re-presentante legal”. Querella, pág. 5.
En el Cargo III, se le atribuyó al querellado haber vio-lado el Canon 19 del Código de Ética Profesional, supra, *884 por entender que el querellado se volvió inaccesible para su cliente, pues no contestaba las llamadas que le hacía el quejoso, no le proveyó una dirección física dónde conse-guirlo y mantenía en el Colegio de Abogados de Puerto Rico una dirección errónea.
Así las cosas, el 19 de diciembre de 2008, mediante un “Mandamiento”, ordenamos al licenciado Plaud González a contestar la querella presentada por el Procurador General en un término de quince días a partir de la notificación de ese mandamiento.(8) Luego de varios trámites procesa-les(9) el licenciado Plaud González presentó su contesta-ción a la querella. En síntesis, el licenciado Plaud González reiteró que la falta de comunicación en la relación abogado-cliente que tenía con el quejoso se debió a la conducta de este. Añadió que reconocía haber fallado al no renunciar antes a la representación legal del demandado.
D. Vista la querella presentada por el Procurador General y la “Réplica a la Querella” presentada por el licen-ciado Plaud González, el 18 de junio de 2009 nombramos a la Hon. Crisanta González Seda, exjueza del Tribunal de Primera Instancia, como Comisionada Especial (Comisio-nada), conforme a lo dispuesto en la Regla 14(h)(10) del Re-glamento de este Tribunal, 4 L.P.R.A. Ap. XXI-A, para que nos rindiera un informe con determinaciones de hechos y recomendaciones. Celebradas las vistas correspondientes, *885 y analizada la totalidad de la prueba recibida, el 19 de marzo de 2010, la Comisionada nos presentó un informe en el que hizo un recuento de los trámites procesales descritos y concluyó que la evidencia presentada ante su considera-ción sostuvo los cargos formulados por el Procurador General, a saber, la violación a los Cánones 12, 18 y 19 del Código de Etica Profesional, supra. Por su parte, el licen-ciado Plaud González objetó las determinaciones de hecho que hizo la Comisionada. Además, garantizó que, luego de los procedimientos que ha pasado en el trámite de la acción disciplinaria en su contra, se asegurará que la conducta imputada no vuelva a ocurrir.
Examinado el informe de la Comisionada y los “Comen-tarios y objeciones a determinaciones de hechos” al informe de la Comisionada que presentó el querellado,(11) procede-mos a resolver el caso de epígrafe.
II
A. En reiteradas ocasiones hemos señalado que los cánones del Código de Etica Profesional establecen las normas mínimas de conducta que rigen a los miembros de la profesión legal en el desempeño de su delicada e importante labor.(12) En particular, el Canon 12 del Código de Etica Profesional, supra, dispone que es deber del abogado hacia el tribunal, sus compañeros, las partes y los testigos ser puntual con su asistencia y conciso y exacto en el trámite y la presentación de las causas. Dispone, además, que los abogados deben asegurarse de no causar dilaciones indebidas en la tramitación y solución de las causas. Sobre el mencionado Canon 12 del Código de Etica Profesional ex-presamos en In re Grau Díaz, 154 D.P.R. 70, 75 (2001), que *886 es norma reiterada que los abogados sean puntuales y diligentes en la tramitación de las causas y tal deber se ex-tiende a todo el trámite judicial. También dijimos que un abogado incurre en violación a los Cánones 12 y 18 del Código de Etica Profesional, supra, cuando no comparece a los señalamientos de vista ante el tribunal de instancia, pues el incumplimiento con las órdenes emitidas por ese foro y la falta de diligencia en la tramitación del caso cons-tituyen un patrón de conducta irresponsable que demues-tra su falta de diligencia y cuidado en su desempeño profesional.(13)
B. De otra parte, el Canon 18 del Código de Etica Profesional, supra, dispone, en lo pertinente, que “es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable”. Este canon prescribe, además, que un abogado no debe asumir una representación legal cuando es consciente de que no tiene la capacidad para rendir una labor idónea y competente. Así, pues, hemos expresado que el deber de diligencia profesional del abogado prescrito en el Canon 18 del Código de Etica Profesional, supra, es del todo incompatible con la desidia, despreocupación y displicencia en el trámite de un caso.(14)
También hemos enunciado que hay conductas específicas que contravienen los principios del Canon 18, supra. Entre estas conductas se encuentran: (1) no comparecer a los señalamientos del tribunal; (2) no contestar los interrogatorios sometidos; (3) no informar a las partes sobre la presentación de un perito; (4) desatender o abando- *887 nar el caso; (5) permitir que expire el término prescriptivo o jurisdiccional de una acción; (6) cualquier tipo de actua-ción negligente que pueda conllevar o, en efecto, resulte en la desestimación o el archivo del caso.(15)
C. Por otro lado, el Canon 19 del Código de Ética Profesional, supra, establece que “el abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado”. Es decir, todo abogado está obligado a informar a sus clientes sobre las gestiones realizadas para la tramitación de la causa de acción para la que fue contratado.(16) Consecuentemente, hemos sostenido que dictada una sentencia en un caso que pone fin, parcial o totalmente a la causa de acción, es obligación del abogado informar a su cliente sobre lo acaecido.(17) Asimismo, he-mos expresado que no informar al cliente de las incidencias de su caso constituye una lesión al Canon 19 del Código de Ética Profesional, supra, y al proceso general de impartir justicia.(18)
D. Finalmente, este Tribunal ha establecido que al determinar la sanción disciplinaria que habrá de imponerse a un abogado que haya incurrido en conducta contraria a los cánones del Código de Ética Profesional que guían el desempeño en la profesión legal, podemos tomar en cuenta los factores siguientes: (1) la buena reputación del abogado en la comunidad; (2) el historial previo de este; (3) si esta constituye su primera falta y si ninguna parte ha resultado perjudicada; (4) la aceptación de la falta y su sincero arrepentimiento; (5) si se trata de una conducta *888 aislada; (6) el ánimo de lucro que medió en su actuación; (7) el resarcimiento al cliente, y (8) cualesquiera otras con-sideraciones, ya bien atenuantes o agravantes, que medien según los hechos.(19)
III
Con el beneficio de la normativa expuesta, evaluamos los hechos que motivaron la querella para determinar si, en efecto, el querellado cometió los cargos imputados.
A. Como explicamos en detalle, contra el licenciado Plaud González se presentó una queja ante este Tribunal por incumplir con su rol de abogado en el trámite de un caso civil ante el Tribunal de Primera Instancia. Luego de los trámites procesales correspondientes, el Procurador General presentó tres cargos contra el licenciado Plaud González.
En el Cargo I, se le imputó al querellado la violación del Canon 12 del Código de Ética Profesional, supra, por cuanto se ausentó sin justificación a varias de las vistas del caso en el que fungía como representante legal de la parte demandada conducta que ocasionó dilaciones innecesarias en el trámite judicial. En el Cargo II, se le imputó al que-rellado infringir lo dispuesto en el Canon 18 del Código de Ética Profesional, supra, pues el licenciado Plaud González obvió varios señalamientos de vista del Tribunal y no fue hasta que se impuso una sanción económica en su contra que compareció por primera vez a un señalamiento de vista. Asimismo, en el Cargo III se le imputó al querellado incumplir con el Canon 19 del Código de Ética Profesional, supra, debido a que el licenciado Plaud González se abs-tuvo de mantener a su cliente informado de los asuntos de su caso.
*889 B. Luego de haber analizado los hechos que motivaron la querella que atendemos hoy, opinamos que el Ledo. José A. Plaud González se apartó de los principios éticos que rigen la profesión de la abogacía, y que todo abogado debe observar celosamente.
Según surge del expediente, el licenciado Plaud Gonzá-lez incumplió con el deber que impone el Canon 12 del Código de Ética Profesional, supra, de ser puntual en su asistencia y conciso y exacto en el trámite y la presentación del caso que le fue encomendado. De la misma forma, el licenciado Plaud González faltó a su obligación de desple-gar las diligencias necesarias para asegurarse de evitar dilaciones indebidas en la tramitación y solución del caso, pues el querellado no compareció a varias vistas ante el Tribunal e incumplió con los requerimientos de este para que contestara el descubrimiento de prueba sometido por la parte demandante. Por lo anterior, y como mencionára-mos, el Tribunal de Primera Instancia hizo expresiones ne-gativas sobre la conducta del querellado. Específicamente, el tribunal se expresó acerca de la falta de diligencia y conducta intencional del licenciado Plaud González.
Es importante señalar que el querellado, luego que pre-sentó la contestación a la demanda, no hizo gestiones adi-cionales significativas hasta dos años y medio después, cuando informó al tribunal que presentaría un requeri-miento de admisiones a la parte demandante. Además, luego de que el tribunal emitiera una sentencia desfavora-ble para el quejoso, cliente del querellado, el licenciado Plaud González no inició trámites apelativos por lo que el término prescriptivo para apelar, venció. La conducta des-crita, cuanto menos, transgrede lo dispuesto en el Canon 18 del Código de Ética Profesional, supra, sobre el deber de diligencia que debe tener un abogado al defender los inte-reses de su cliente.
De otra parte, además de que el querellado no notificó al quejoso sobre los señalamientos de vista que el Tribunal *890 señaló en su caso, el licenciado Plaud González se volvió inaccesible para el quejoso, pues el querellado no le pro-veyó una dirección física donde pudiera ser localizado. El quejoso tenía una dirección postal en la que nunca pudo conseguir al licenciado Plaud González, y la dirección que aparecía en el registro del Colegio de Abogados de Puerto Rico no estaba actualizada, pues cuando el quejoso se per-sonó a esa dirección le informaron que el licenciado Plaud González se había mudado hacía siete años. Como expre-sáramos, el deber de informar al cliente de las incidencias de su caso constituye una lesión al Canon 19 del Código de Etica Profesional, supra, y al proceso general de impartir justicia y esto precisamente fue lo que logró el querellado en este caso.
Por su parte, el querellado justificó su conducta atribu-yéndole al quejoso la falta de comunicación que había entre ellos. Entendemos que si lo anterior hubiese sido la situa-ción del licenciado Plaud González, entonces debió infor-mar al Tribunal y renunciar a la representación legal del caso. No lo hizo. Por el contrario, el querellado asumió un comportamiento que produjo que el Tribunal impusiera una anotación de rebeldía en el caso, sanciones económicas a favor del Estado y de la representación legal de la parte demandante, y eliminara alegaciones y defensas de su cliente, quien es el quejoso en este caso.
No obstante lo anterior, es importante señalar que esta es la primera vez que se sigue un procedimiento discipli-nario contra el licenciado Plaud González. Por otra parte, el querellado se sometió al proceso disciplinario, cumplió oportunamente con los requerimientos de este Tribunal, y aseguró que la conducta por la cual hoy es disciplinado no se volvería a repetir.
*891 IV
Por los fundamentos mencionados y por haber incurrido en la violación de los Cánones 12, 18 y 19 del Código de Ética Profesional, supra, ordenamos la suspensión inme-diata del Ledo. José A. Plaud González del ejercicio de la abogacía y de la notaría por el término de seis meses, con-tado a partir de la notificación de la opinión “per curiam”y Sentencia. El Alguacil de este Tribunal deberá incautar la obra y el sello del licenciado Plaud González, y los entre-gará a la Oficina de Inspección de Notarías para el corres-pondiente examen e informe a este Tribunal. Se le impone el deber de notificar a todos sus clientes de su presente inha-bilidad para seguir representándolos, les devuelva cuales-quiera honorarios recibidos por trabajos no realizados e in-forme oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Además, deberá cer-tificarnos en treinta días del cumplimiento de estos deberes.

Se dictará sentencia de conformidad.

La Jueza Asociada Señora Pabón Charneco lo suspende-ría por tres meses.

*) Por conducto de su representación legal, el Ledo. Iván L. Torres Rodríguez.

 El 1 de agosto de 2003, el Tribunal de Primera Instancia emitió una orden en la que se notificó a los abogados de las partes que la vista señalada para el 8 de agosto de 2003 sería trasladada de la Sala de Patillas a la Sala de Guayama.

 Según surge de la minuta de la vista, la representación legal de la parte demandante renunció a la imposición de la sanción a su favor.

 Originalmente, la vista se celebraría el 19 de marzo de 2004, pero el Tribunal de Primera Instancia la trasladó motu proprio para el 7 de mayo de 2004.

 La representación legal del Sr. Carlos J. Ortiz Morales la asumió el Ledo. Gennoll Vladimir Hernández Rodríguez.

 En cumplimiento con la orden de este Tribunal, el 28 de diciembre de 2007, el Procurador General presentó su informe en el que concluyó que el licenciado Plaud González violó con su conducta los Cánones 12, 18 y 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. El 20 de junio de 2008, el licenciado Plaud González presentó la contestación al informe del Procurador General en el que indicó que no cometió las violaciones señaladas. Evaluados ambos escritos, el 21 de noviembre de 2008, auto-rizamos al Procurador General a formular cargos por violación a los citados cánones.

 Por conducto del Procurador General Auxiliar.

 El mandamiento se notificó el 25 de febrero de 2009.

 El 9 de marzo de 2009, el licenciado Plaud González solicitó una prórroga para presentar la contestación a la querella. Mediante la Resolución emitida el 14 de abril de 2009 y notificada al día siguiente, este Tribunal le concedió un término final de veinte días, contado a partir de la notificación de la Resolución, para que contes-tara la querella. Aun así, el licenciado Plaud González presentó una “Moción Urgente solicitando se acepte réplica a querella presentada tres días después de vencida la prórroga para replicar” el 7 de mayo de 2009. Junto a esa moción, presentó la “Ré-plica a la querella”.

 La Regla 14(h) del Reglamento de este Tribunal dispone en lo pertinente que: “Se celebrará una vista para recibir la prueba sobre la querella. El Tribunal podrá ordenar que se celebre ante sí o, en el uso de su discreción podrá nombrar un(a) Comisionado (a) Especial para que reciba la prueba y rinda un informe con sus determinaciones de hecho”. 4 L.P.R.A. Ap. XXI-A R. 14(h).

 El licenciado Plaud González lo presentó el 2 de junio de 2010.

 In re Vélez Lugo, 180 D.P.R. 987 (2011); In re Hernández Vázquez, 180 D.P.R. 527 (2011); In re Izquierdo Stella, 154 D.P.R. 732, 736 (2001); In re Matos González, 149 D.P.R. 817, 819 (1999); In re Filardi Guzmán, 144 D.P.R. 710, 715 (1998).

 In re Grau Díaz, 154 D.P.R. 70, 77-78 (2001); In re Ayala Torres, 150 D.P.R. 288, 292 (2000).

 In re Pujol Thompson, 171 D.P.R. 683, 689 (2007), citando a In re Padilla Pérez, 135 D.P.R. 770, 776 (1994).

 In re Vilches López, 170 D.P.R. 793, 798 (2007), citando a In re Collazo I, 159 D.P.R. 141, 147 (2003).

 In re Nieves Nieves, 181 D.P.R. 25, 39 (2011), citando a In re García Ortiz, 176 D.P.R. 123 (2009).

 In re García Muñoz, 170 D.P.R. 780, 789 (2007), citando a Colón Prieto v. Géigel, 115 D.P.R. 232 (1984).

 In re Nieves Nieves, supra; In re Cardona Vázquez, 108 D.P.R. 6, 22 (1978).

 In re Colón Morera, 172 D.P.R. 49 (2007); In re Quiñones Ayala, 165 D.P.R. 138; In re Montalvo Guzmán, 164 D.P.R. 806 (2005); In re Vélez Barlucea, 152 D.P.R. 298, 310-311 (2000); In re Padilla Rodríguez, 145 D.P.R. 536 (1998).