*In re* FRANCISCO PADILLA RODRÍGUEZ, querellado.

*Número:* CP-98-1          *Resuelto:* 18 de mayo de 1998

*Carlos Lugo Fiol, Procurador General,* e *Yvonne Casanova Pelosi, Procuradora General Auxiliar,* querellantes; *Andrés Díaz Nieves,* abogado del querellado.

PER CURIAM:

## I

El 14 de enero de 1998 la Oficina del Procurador General presentó una querella contra el Lcdo. Francisco Padilla Rodríguez. Alegó que en 1987, mientras éste se desempeñaba como Juez Superior, su ex esposa instó un procedimiento para solicitar el aumento de su pensión alimentaria. Señaló que durante dicho procedimiento el licenciado Padilla Rodríguez suscribió una declaración jurada en la que no informó la suma de ochocientos setenta y cinco dólares ($875) que había devengado como ingreso, por haber enseñado unos cursos universitarios en la Universidad Interamericana de Puerto Rico. Consideró que haber omitido, bajo juramento, una información divulgable y pertinente en el trámite de un procedimiento de pensión alimentaria constituyó una conducta seria y digna de ser examinada por este Tribunal.

En atención a lo anterior, la Oficina del Procurador General le imputó los cargos siguientes:

### Primer Cargo

El abogado Francisco Padilla Rodríguez violó el Canon 35 de Ética Profesional [4 L.P.R.A. Ap. IX], el cual entre otras cosas, obliga a todo abogado a ser sincero y honrado utilizando siempre medios consistentes con la verdad evitando así inducir a error al tribunal con una falsa relación de hechos.

### Segundo Cargo

El abogado Francisco Padilla Rodríguez violentó [sic] los principios del Canon 38 de Ética Profesional [4 L.P.R.A. Ap. IX], el cual entre otras cosas, obliga a todo abogado a desempeñarse tanto en su vida privada como profesional en forma digna y honorable.

El 31 de marzo de 1998 el licenciado Padilla Rodríguez presentó su contestación a la querella. En ella, aunque admitió la omisión de informar el ingreso universitario en la declaración jurada que suscribiera el 16 de diciembre de 1987, alegó que tal omisión "fue un acto negligente e imprudente que no debió haber ocurrido". Sostuvo, además, que "no hubo intención alguna de inducir a error al ... [t]ribunal". Pidió excusas por su comportamiento y reconoció la facultad de este Tribunal para imponer las medidas disciplinarias que en justicia procedieran.

En vista de que el licenciado Padilla Rodríguez aceptó los hechos en los cuales se basó la querella —esto es, la omisión de informar el ingreso derivado del contrato de enseñanza con la Universidad Interamericana de Puerto Rico en la declaración jurada que suscribiera en el procedimiento de aumento de pensión— resolvemos sin ulteriores procedimientos.

## II

En lo que aquí respecta, el Canon 35 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, expone claramente que *"[l]a conducta de cualquier miembro de la profesión legal ante los tribunales ... debe ser sincera y honrada"*. (Énfasis suplido.) Más adelante dicho canon añade que *"[n]o es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad ni se debe inducir al juzgador a error"*. (Énfasis suplido.) Íd.

Por su parte, el Canon 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone, en lo pertinente, que *"[e]l abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia"*. (Énfasis suplido.) Además, *"[p]or razón de la confianza en él depositada como miembro de la ilustre profesión legal, todo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable"*. (Énfasis suplido.) Íd. Véase, además, *In re Roldán Figueroa*, 106 D.P.R. 4, 12 (1977).

Es ineludible la conclusión de que los cánones, a los cuales hemos hecho referencia, exigen a todo abogado ejercer su profesión con sinceridad y honradez, así como conducirse en el desempeño de su profesión y *en su vida privada* de manera digna y honorable. Véase *In re López de Victoria Brás*, 135 D.P.R. 688 (1994). Armonizando lo antes dicho, en *In re Currás Ortiz*, 141 D.P.R. 399 (1996), expresamos que falta a su deber de actuar con integridad *aquel abogado que bajo juramento mienta a un tribunal para promover su propia causa*. Véanse, además: *In re Pagán Hernández*, 141 D.P.R. 113 (1996); *In re Colón Ramery*, 133 D.P.R. 555 (1993).

## III

Analizada la única conducta antiética imputada al li cenciado Padilla Rodríguez, a la luz de los Cánones 35 y 38 del Código de Ética Profesional, *supra*, y de la jurisprudencia citada; su aceptación de que lo que hizo fue un acto imprudente y negligente de su parte, y tomando en consideración las excusas expresadas y el hecho de que no se ha perjudicado persona alguna, *el Tribunal limita la sanción impuesta al licenciado Padilla Rodríguez a una amonestación. Se le apercibe, además, de que en el futuro deberá ser más cuidadoso y evitar incurrir en una conducta negligente e imprudente.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Negrón García se inhibió. El Juez Asociado Señor Rebollo López no intervino.