*In re* ÁNGEL R. MATOS GONZÁLEZ, querellado.

*Número:* AB-99-13   *Resuelto:* 17 de diciembre de 1999

*Edda Serrano Blasini, Subprocuradora General, y María del Pilar Aguirre Vázquez, Procuradora General Auxiliar,* abogadas de El Pueblo de Puerto Rico; *Ángel R. Matos González, pro se.*

PER CURIAM: En un caso de custodia, actualmente pendiente ante la Sala Superior de Ponce del Tribunal de Primera Instancia, en el cual la demandante Maureen Ocasio Santiago es representada por el Lcdo. Felipe Pérez Cruz, y la parte demandada está representada por el Lcdo. Ángel R. Matos González, este último radicó un escrito en el cual, entre otras cosas, señaló que la "actitud de la demandante al radicar una Moción con Información falsa deja mucho que pensar sobre su honradez y sobre sus principios morales ante este Tribunal". Moción urgente solicitando señalamiento, pág. 2.

Mediante escrito juramentado, de 22 de enero de 1999, la señora Ocasio Santiago se querelló ante este Tribunal del licenciado Matos González. Alegó, en síntesis, que las anteriores expresiones constituían un "ataque personal, directo e injustificado y difamatorio contra su persona", violatorias las mismas de los cánones del Código de Ética Profesional. Querella, pág. 1.

Luego de solicitar la reacción del licenciado Matos González, contar con los comentarios de éste, y recibir el Informe del Procurador General de Puerto Rico,[1] le concedimos término al mencionado abogado para que mostrara causa por la cual este Tribunal "no deba amonestarlo y/o censurarlo por las manifestaciones impugnadas". Con-

---

[1] Conforme establece la Regla 14(d) de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-A.

tando con la comparecencia del licenciado Matos González, procedemos a resolver el asunto sin ulterior trámite.

## I

■ Los cánones del Código de Ética Profesional establecen las *normas mínimas* que deben guiar a los miembros de la profesión en el desempeño de su delicada e importante labor. *In re Filardi Guzmán*, 144 D.P.R. 710 (1998). Enfatizamos el hecho de que la meta de todos los abogados debe siempre ser la de actuar a un nivel superior de lo mínimo pautado por dichos cánones.

■ El Canon 15 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, *exige* que el abogado trate a los litigantes contrarios, y a sus testigos, con respeto y consideración. Huelga decir, entonces, que los abogados —actores principales en la litigación— deben ejercer, al máximo de sus facultades, el deber de cortesía, respeto y consideración que les impone el mencionado canon. En otras palabras, el abogado jamás debe de olvidar que siempre debe de actuar con gran celo, cuidado y prudencia. *In re Rodríguez Torres*, 104 D.P.R. 758, 765 (1976).

■ Si bien es cierto que el abogado tiene el derecho, y la obligación, de defender la causa del cliente que le fue encomendada con gran vigor, energía y vehemencia, ello no implica que éste pueda ser poco respetuoso o prudente. Esto es, el abogado debe evitar, en todo momento, que sus expresiones puedan ser interpretadas, por los demás participantes del proceso judicial, como que está poniendo en tela de juicio su honradez, moral y honestidad.

## II

En la moción que radicara en el presente caso, el licenciado Matos González utilizó una fraseología, o hizo unas expresiones, en las cuales, no hay duda, se cuestiona la

honradez y principios morales de la señora Ocasio Santiago; incluso, se puede decir que dichas imputaciones afectan, igualmente, el buen nombre y reputación del representante legal de ésta, ya que éste es el que, en representación de su cliente, redacta y firma los escritos a los que hace referencia el licenciado Matos González.

Ello, en nuestro criterio, resulta violatorio de los cánones del Código de Ética Profesional. *Por ello lo amonestamos, advirtiéndole que en el futuro debe ejercer moderación y prudencia en la defensa de los intereses de sus clientes.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Negrón García no intervino.