per curiam:
Nos corresponde evaluar si proceden ciertas alegaciones de conducta impropia contra un abogado por una supuesta violación a los cánones del Código de Etica Profesional durante la tramitación de una apelación ante la Junta de Apelaciones de Casos de Inmigración.
*243 I
Los hechos, según expuestos a continuación, surgen mayormente de las determinaciones fácticas del Comisionado Especial.
El Ledo. Alexis Irizarry Vega (licenciado Irizarry Vega) fue admitido al ejercicio de la abogacía el 4 de enero de 1994, y el 4 de enero de 1995 prestó juramento como notario.(1) Surge de la queja presentada por la Sra. María Dolores Acosta Thomas (señora Acosta Thomas), quien contrató los servicios del licenciado Irizarry Vega para que la asistiera con relación a una petición de residencia. Para dichas gestiones pagó al licenciado Irizarry Vega dos mil dólares. El 18 de mayo de 1999 acudió al Departamento de Inmigración con su esposo y con el licenciado Irizarry Vega. Allí le indicaron que la respuesta a su petición se le notificaría por correo.
En enero de 2000, el licenciado Irizarry Vega informó a la señora Acosta Thomas que había que presentar una apelación, ya que su petición había sido denegada. Surge del Informe del Comisionado Especial que el 14 de febrero de 2000 el licenciado Irizarry Vega preparó la apelación correspondiente. Alega la señora Acosta Thomas que el licenciado Irizarry Vega la hizo suscribir dicho documento aun cuando debía saber que quien tenía que firmarlo era su esposo, por ser éste el peticionario. Arguye que, luego de suscribir los documentos, el licenciado Irizarry Vega dejó de contestar sus llamadas y de atenderla cuando iba a su oficina. Esto ocasionó que la señora Acosta Thomas “se desesperara” y le pidiera los documentos de su caso al licenciado Irizarry Vega.
Según la señora Acosta Thomas, se vio obligada a contratar una nueva representación legal, ya que su caso no *244 había sido atendido por el Departamento de Inmigración. En su queja, ésta se reservó el derecho a presentar reclamaciones contra el licenciado Irizarry Vega por los daños económicos y emocionales que alegadamente sufrió.
Así las cosas, el 8 de mayo de 2006 la Oficina del Procurador General presentó un Informe para someter a la consideración de este Tribunal la conducta en que incurrió el licenciado Irizarry Vega en su gestión profesional. Recibido el Informe, el 2 de febrero de 2007 ordenamos que se presentara la querella correspondiente, por lo que el 30 de abril de 2007 el Procurador General instó una querella contra el licenciado Irizarry Vega imputándole un cargo por violación al Canon 35 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.
En su querella, el Procurador General apunta que el licenciado Irizarry Vega solicitó a la señora Acosta Thomas que suscribiera el documento de la apelación aun cuando éste debía haber conocido que la persona que tenía que firmar dicho documento era el esposo, en calidad de peticionario. No obstante, y ante el desconocimiento del paradero del esposo, el licenciado Irizarry Vega supuestamente sugirió a la señora Acosta Thomas que suscribiera la petición, ya que ésta tenía un periodo prescriptivo, y si la negaban por la falta de la firma del esposo, podían solicitar una reconsideración.
Luego de los trámites de rigor, designamos al Hon. Charles A. Cordero, ex Juez del Tribunal de Apelaciones, como Comisionado Especial para atender el procedimiento de autos. Tras celebrar una vista evidenciaría, el Comisionado Especial rindió su Informe, en el que determinó que, analizada la prueba documental y testifical, el licenciado Irizarry Vega no había violado los cánones de ética profesional. Por ello, recomendó el archivo de la querella y la desestimación del cargo formulado contra el licenciado Irizarry Vega.
Sometido el caso ante nuestra consideración, y contando *245 con el beneficio del Informe del Comisionado Especial y del Procurador General, así como con la contestación del licenciado Irizarry Vega, resolvemos.
II
Sabido es que los cánones del Código de Ética Profesional establecen las normas mínimas de conducta que rigen a los miembros de la profesión legal en el desempeño de su delicada e importante labor. In re Matos González, 149 D.P.R. 817 (1999); In re Filardi Guzmán, 144 D.P.R. 710 (1998).
En particular, hemos resuelto que el Canon 35 del Código de Ética Profesional, supra, impone a los abogados un deber general de ser sinceros y honrados para con sus representados y con sus compañeros abogados, así como para con los tribunales. Véanse, además: In re Padilla Rodríguez, 145 D.P.R. 536 (1998); In re Franco Rivera y Masini Soler, 134 D.P.R. 823 (1993). Añade el precepto que no es sincero ni honrado utilizar medios incompatibles con la verdad, ni se debe inducir a error al juzgador utilizando artificios o una falsa relación de los hechos o del derecho. Dichos deberes se exigen en aras de preservar el honor y la dignidad de la profesión, ya que el compromiso del abogado con la verdad siempre es incondicional. In re Fernández de Ruiz, 167 D.P.R. 661 (2006). La verdad es un atributo inseparable del ser abogado, y sin ésta, la profesión jurídica no podría justificar su existencia. In re Busó Aboy, 166 D.P.R. 49 (2005).
Reiteradamente hemos expresado que el Canon 35, supra, exige que la conducta de todo miembro de la profesión ante los tribunales sea sincera y honrada. In re López González, 171 D.P.R. 567 (2007). Esto en virtud de que todo el entramado de nuestro sistema judicial se erige sobre la premisa de que los abogados, sobre quienes recae *246 principalmente la misión de administrar la justicia, han de conducirse siempre con integridad ante los foros judiciales. In re Montañez Miranda, 157 D.P.R. 275 (2002). En fin, un abogado que falta a la verdad infringe el Canon 35, supra, independientemente de los motivos que lo movieron a incurrir en esa conducta o de que no se hubiera perjudicado a tercero alguno. In re Grau Acosta, 172 D.P.R. 159 (2007).
De otra parte, es norma claramente establecida que el criterio probatorio a utilizarse en procedimientos disciplinarios es el de prueba clara, robusta y convincente, no afectada por reglas de exclusión ni a base de conjeturas. In re Caratini Alvarado, 153 D.P.R. 575 (2001). Este criterio requiere una carga probatoria más fuerte que la mera preponderancia de la prueba, ya que en estos procesos está en juego el título de un abogado y, por ende, su derecho fundamental a ganarse su sustento. Id. Aun cuando no se puede definir de manera precisa, la prueba clara, robusta y convincente ha sido descrita como aquella evidencia que produce en un juzgador de hechos una convicción duradera de las que contenciones fácticas son altamente probables. In re Ruiz Rivera, 168 D.P.R. 246 (2006); In re Rodríguez Mercado, 165 D.P.R. 630 (2005).
La Regla 14 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, establece que le corresponde al Comisionado Especial designado celebrar una vista para recibir la prueba. Por lo tanto, sus determinaciones fácticas merecen nuestra mayor deferencia. Ahora bien, de igual manera hemos resuelto que aunque este Tribunal no está obligado a aceptar el Informe del Comisionado Especial nombrado para atender una querella contra un abogado, sino que puede adoptar, modificar o rechazar tal informe, de ordinario sostenemos las conclusiones de hecho de un Comisionado Especial, salvo que se demuestre prejuicio, parcialidad o error manifiesto. In re Gordon Menéndez I, 171 D.P.R. 210 (2007); In re Moreira Avillán, 147 *247 D.P.R. 78, 86 (1998); In re Soto López, 135 D.P.R. 642 (1994); In re Morales Soto, 134 D.P.R. 1012 (1994).
Examinado el derecho aplicable, analicemos los hechos ante nuestra consideración.
III
Es contención del Procurador General que las actuaciones del licenciado Irizarry Vega constituyen una violación al Canon 35 del Código de Etica Profesional, supra. Alega el Procurador General que la sugerencia que le hiciera el licenciado Irizarry Vega a la señora Acosta Thomas, a los efectos de suscribir el documento fue sumamente irresponsable, ya que éste sabía que la firma requerida era la del peticionario y no la del extranjero que solicita la residencia.
De igual manera, el Procurador General expone que el referido Canon 35 obliga a todo abogado a ajustarse a la sinceridad de los hechos al redactar documentos y que, por consiguiente, se puede inferir que el licenciado Irizarry Vega, aún sabiendo lo requerido por ley en cuanto a la firma de la petición, aconsejó a su dienta para, quizás, remitir la petición dentro del término prescriptivo. De acuerdo con el Procurador General, lo anterior —es decir, el recomendar cierta acción a un cliente a sabiendas que no era lo que correspondía en ley— es una actuación que denigra y lesiona la imagen de la profesión.
El Procurador General indica que, si bien es cierto que se permite que el abogado suscriba el Formulario EIOR-29 (.Notice of Appeal to the Board of Immigration—Appeals from a Decision of an INS Officer), ello procede si éste se acompaña con el Formulario EIOR-27 (Notice of Appearance), en el cual el peticionario autoriza al abogado a ser su representante legal.
Por su parte, el Comisionado Especial determinó que el *248 licenciado Irizarry Vega completó el aviso de apelación mediante el Formulario EIOR-29 y lo suscribió como abogado del peticionario. Aduce el Comisionado Especial que de las instrucciones del Formulario EIOR-29 surge expresamente que un abogado puede firmar por el apelante aun cuando también se requiere presentar un aviso de comparecencia mediante el Formulario EIORr27. No obstante, el Comisionado Especial determinó que en ninguna parte se indica que el Formulario EIOR-27 tiene que presentarse conjuntamente con el aviso de apelación y que la señora Acosta Thomas no estaba impedida de firmar al margen del Formulario EIOR-29, siempre y cuando no lo hiciera en capacidad de apelante.
Sobre el particular, las instrucciones que provee el Formulario EOIR-29 disponen lo siguiente:
4. Counsel. An appellant may be represented, at no expense to the Government, by an attorney or other duly authorized representative. An attorney or authorized representative must file a separate notice of appearance (Form EOIR-27) with this Notice of Appeal. In presenting and prosecuting this appeal, the INS may be represented by appropriate counsel. (Énfasis nuestro.) Solicitud de desestimación de querella, Exhibit I.
De lo anterior se colige que es necesario que el abogado presente un aviso de comparecencia. Por lo tanto, coincidimos con el Comisionado Especial en cuanto a que el licenciado Irizarry Vega podía suscribir el Formulario EIOR-29 en calidad de representante legal del peticionario. Sin embargo, tal y como señala el Comisionado Especial, lo cierto es que las instrucciones que provee dicho documento establecen que es requerido que el representante legal que suscriba por el peticionario presente un aviso de comparecencia mediante el Formulario EIOR-27. Aun cuando entendemos que el Formulario EIOR-29 no expresa que el aviso de comparecencia (EOIR-27) tiene que ser presentado conjuntamente, no cabe duda que es requisito instarlo cuando un abogado firma la petición a nombre del *249 peticionario. El licenciado Irizarry Vega aceptó que no cumpletó el Formulario EOIR-27.
Ahora bien, como indica el Comisionado Especial en su Informe, de la Declaración Jurada de la señora Acosta Thomas surgen ciertas incongruencias, como lo son: la discrepancia en cuanto a la dirección en donde reside; una explicación de cómo logró obtener una tarjeta de seguro social si no es residente permanente de Puerto Rico o de Estados Unidos, ni permiso especial del Departamento de Inmigración para poder trabajar; no se menciona el nombre de su supuesto esposo ni la dirección de éste, y tampoco explica la razón por la cual el supuesto esposo no fue a realizar ninguna gestión relacionada con el trámite de residencia ni fue con ella a firmar la petición de apelación. Concluyó el Comisionado Especial que dichas lagunas en la información le restan credibilidad a la señora Acosta Thomas.
Ciertamente, y luego de evaluado el tracto procesal del caso de autos, la credibilidad de la señora Acosta Thomas resulta un tanto agraviada. Más aún, abona a este parecer el hecho de que el Departamento de Inmigración le denegara su petición de residencia basándose en la creencia de que había contraído matrimonio de forma fraudulenta con fines únicamente de lograr la residencia permanente en territorio americano.
Conforme a lo anterior, resulta forzoso concluir que, aun cuando el licenciado Irizarry Vega hubiese presentado el Formulario EOIR-27, las probabilidades de que el resultado de la apelación presentada fuera favorable para la señora Acosta Thomas son bien remotas. Cabe señalar que el licenciado Irizarry Vega dejó de ser el representante legal de la señora Acosta Thomas antes que llegara la determinación del Departamento de Inmigración en cuanto a la apelación presentada. No obstante, independientemente del resultado, el licenciado Irizarry Vega estaba obligado a tramitar el procedimiento de la manera correcta y cumpliendo con todas las normas que éste exige.
*250 Analizados los hechos que motivaron la querella incoada contra el licenciado Irizarry Vega, así como el Informe del Comisionado Especial y la Moción en Oposición al Informe del Honorable Comisionado, que presentara el Procurador General, y tomando en consideración la única conducta antiética imputada al licenciado Irizarry Vega a la luz del Canon 35, supra, y el hecho de que su actuación, en efecto, no perjudicó a ninguna persona, limitamos nuestra sanción a una amonestación, apercibiéndole para que su conducta en el futuro esté acorde con lo que requieren el honor y la dignidad de la profesión. Se le apercibe, además, de que en el futuro deberá ser más riguroso en la tramitación de las causas.

Se dictará sentencia de conformidad.

El Juez Presidente Señor Hernández Denton ordenaría el archivo de la presente querella. El Juez Asociado Señor Martínez Torres disintió porque entiende que no hubo prueba de una violación del deber de honradez y sinceridad que establece el Canon 35 del Código de Etica Profesional, 4 L.P.R.A. Ap. IX, y que, a lo sumo, el querellado siguió una estrategia errónea de litigación. La Juez Asociada Señora Rodríguez Rodríguez se unió a las expresiones del Juez Asociado Señor Martínez Torres.

 El Ledo. Alexis Irizarry Vega fue suspendido del ejercicio de la abogacía el 24 de agosto de 2000 por hechos no relacionados al caso de autos. Fue reinstalado en el ejercicio de la profesión el 27 de abril de 2001.