Versión para imprimir



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2011 TSPR 80 |
| | 181 DPR _____ |
| José A. Plaud González | |

Número del Caso:   CP         - 2008 - 23

Fecha: 19 de mayo de 2011

Oficina de la Procuradora General:

Lcdo. Ricardo Alegría Pons
Procurador General Auxiliar

Abogados del Querellado        :

Por derecho propio

Materia:     Conducta Profesional        -   La suspensión será efectiva el                   6 de junio    de 2011 fecha en que se le notificó al abogad                  o  de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José A. Plaud González          CP-2008-23          Conducta
                                                    Profesional

PER CURIAM

En San Juan, Puerto Rico, a 19 de mayo de 2011.

Nos corresponde atender una querella contra un abogado-notario a quien se le imputa haber incurrido en violaciones a los Cánones 12, 18 y 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.

Por entender que las actuaciones del querellado se apartaron de las normas éticas que rigen el ejercicio de la profesión, ordenamos la suspensión inmediata del Lcdo. Plaud González del ejercicio de la abogacía y de la notaría por el término de seis (6) meses.

I

El Lcdo. José A. Plaud González (el querellado), fue admitido al ejercicio de la abogacía el 26 de junio de 1996 y al ejercicio de la notaría el 19 de septiembre del mismo año. El 15 de marzo de 2007 se presentó ante este Tribunal una queja contra el Lcdo. Plaud González por alegado incumplimiento de sus obligaciones como abogado para con su cliente durante su representación legal en un caso civil ante el Tribunal de Primera Instancia. A continuación exponemos un resumen de los hechos que motivaron el proceso disciplinario que hoy atendemos.

A

El 16 diciembre de 2002, el Sr. Carlos J. Ortiz Morales (el quejoso) contrató verbalmente con el Lcdo. Plaud González para que éste lo representara en un pleito civil sobre división de comunidad de bienes (caso núm. G3CI200200615) en el Tribunal de Primera Instancia, Sala de Patillas, en la que el quejoso era el demandado. Específicamente, el Lcdo. Plaud González debía contestar una demanda presentada el 26 de noviembre de 2002 en el Tribunal de Primera Instancia, Sala de Patillas, en representación del Sr. Carlos J. Ortiz Morales. Así, pues, el Sr. Carlos J. Ortiz Morales entregó al Lcdo. Plaud González $500 en efectivo como adelanto de sus honorarios, copia de una escritura sobre segregación y compraventa relacionada con el inmueble objeto de controversia en el caso y copia de las planillas de contribución sobre ingreso para los años 1992-1993.

Así las cosas, el 23 de diciembre de 2002 la parte demandante [1] solicitó que se anotara la rebeldía del demandado, el Sr. Carlos J. Ortiz Morales, pues había transcurrido el término prescrito por ley para que éste contestara la demanda. El foro primario proveyó no ha lugar a la solicitud de la parte demandante pues el demandado, por conducto del Lcdo. Plaud González, contestó la demanda el 9 de enero de 2003. En vista de lo anterior, y a solicitud de la parte demandante, el Tribunal de Primera Instancia señaló una vista procesal a celebrarse el 25 de abril de 2003.

Según surge de la *Minuta* de la antes mencionada vista el Lcdo. Plaud González no compareció a la misma a pesar de que éste fue notificado. Así, el Tribunal señaló otra vista para el 11 de julio de 2003 y notificó al Lcdo. Plaud González. Entretanto, el 14 de abril y el 20 de mayo de 2003 la parte demandante presentó ante el foro primario una *Moción informativa* y un *Escrito Informativo sobre descubrimiento de prueba,* respectivamente, en los que indicó que remitió a la parte demandada un aviso de toma de deposición y un pliego de interrogatorio por conducto del Lcdo. Plaud González.

Debido a que la parte demandada no compareció a la vista señalada para el 11 de julio de 2003 ni contestó los requerimientos de prueba, el Tribunal de Instancia re señaló la vista a celebrarse el 8 de agosto de 2003.

---

[1] Por conducto de su representación legal, el Lcdo. Iván L. Torres Rodríguez.

Ni el demandado ni el Lcdo. Plaud González comparecieron.[2] Surge de la *Minuta* de dicha vista que la parte demandada no había sometido la contestación al interrogatorio que le había enviado la parte demandante desde mayo de 2003 por lo que el foro primario concedió un término de quince (15) días a la parte demandada para contestar, so pena de eliminar alegaciones, e impuso una sanción económica de $250 a favor del Estado y $250 a favor de la parte demandante.[3]

El 29 de enero de 2004, la parte demandante presentó un escrito al amparo de la Regla 34 de Procedimiento Civil en el que indicó que a pesar de los múltiples requerimientos extrajudiciales a la parte demandada para que contestara los requerimientos de prueba éstos aún no habían sido contestados ni se había tomado la deposición. Por esto, la parte demandante solicitó que se le eliminaran las defensas afirmativas al demandado. Como consecuencia, el Tribunal señaló una vista a celebrarse el 7 de mayo de 2004 la cual fue notificada al Lcdo. Plaud González.[4] En esta ocasión, el Lcdo. Plaud González compareció a la vista y llevó la contestación al interrogatorio cursado por la parte demandante, pero sin la firma del demandado, pues,

---

[2] El 1 de agosto de 2003, el Tribunal de Primera Instancia emitió una orden en la que se notificó a los abogados de las partes que la vista señalada para el 8 de agosto de 2003 sería trasladada de la Sala de Patillas a la Sala de Guayama.

[3] Según surge de la *Minuta* de la vista, la representación legal de la parte demandante renunció a la imposición de la sanción a su favor.

[4] Originalmente, la vista se celebraría el 19 de marzo de 2004 pero el Tribunal de Primera Instancia la trasladó *motu-proprio* para el 7 de mayo de 2004.

según alegó, no pudo comunicarse con el demandado. Se señaló en la *Minuta* de dicha vista que el Lcdo. Plaud González aún no había satisfecho las sanciones impuestas por lo que el Tribunal le concedió un término improrrogable de diez (10) días para consignarlas, y en el mismo término, proveer las contestaciones al interrogatorio.

Así, pues, el Tribunal señaló una vista de continuación sobre el estado de los procedimientos para el 9 de julio de 2004. A dicha vista el Lcdo. Plaud González compareció en representación del demandado mas nuevamente incumplió con proveer la contestación al interrogatorio y no consignó las sanciones económicas que impuso el Tribunal. Ante esa conducta, el Tribunal hizo constar en el expediente del caso que la parte demandada había incumplido con sus órdenes. No obstante lo anterior, ese mismo día de la vista, el Lcdo. Plaud González presentó una *Moción informativa* en la que anunció al Tribunal que remitió a la parte demandante un requerimiento de admisiones.

Por su parte, la parte demandante compareció el 12 de julio de 2004 mediante un escrito al amparo de la Regla 34 de Procedimiento Civil en el que informó que la parte demandada todavía no había accedido con el descubrimiento de prueba que sometió la parte demandante, a pesar de que el término provisto por el Tribunal se había vencido, por lo que solicitó que se eliminaran las alegaciones y/o defensas de la parte demandada. En la misma fecha, la parte demandante presentó un escrito al amparo de la Regla

23.2 de Procedimiento Civil en el que solicitó una orden protectora para que se declarara no ha lugar el requerimiento de admisiones que remitió la parte demandada.

Por lo anterior, el 18 de agosto de 2004 el Tribunal emitió una *Resolución y orden* en la que hizo una relación de los eventos procesales antes descritos y expresó lo siguiente:

> Nos resulta insólito que, no empece las órdenes del Tribunal concediendo términos perentorios para remitir la contestación a Interrogatorio a la representación legal de la parte demandante y no empece a las sanciones económicas impuestas, el Lcdo. Plaud, no sólo incumple con las mismas sino que tiene la osadía de informar al Tribunal que está sometiendo un Requerimiento de Admisiones a la otra parte cuando, al día de hoy, ni ha sometido las contestaciones al Interrogatorio que se le cursó ni ha consignado las sanciones económicas impuestas. Resulta, además, insostenible, que en las dos ocasiones en las que compareció el Lcdo. Plaud ante esta juez, indicara que tenía consigo las contestaciones al Interrogatorio, pero que sólo le faltaba juramentarlo (7 de mayo de 2004 y 9 de julio de 2004).

Así, el Tribunal concluyó que la conducta del Lcdo. Plaud González en el trámite del caso ante su consideración fue "de mala fe y con el único propósito de dilatar los procedimientos". A base de lo anterior, el Tribunal eliminó las alegaciones y defensas planteadas por la parte demandada, concedió la orden protectora solicitada por la parte demandante y le requirió al Lcdo. Plaud González que mostrara causa por la cual no debía ser encontrado en desacato por no cumplir con el pago de las sanciones económicas impuestas y las contestaciones al Interrogatorio en el término concedido para ello. Nuevamente el Lcdo. Plaud González incumplió, por lo que el

4 de octubre de 2004 el Tribunal emitió una *Orden* en la que concedió cinco (5) días para contestar el Interrogatorio y satisfacer las sanciones económicas.

Mientras, el 25 de octubre de 2004, la parte demandante presentó nuevamente un escrito al amparo de la Regla 34 de Procedimiento Civil en el que señaló que a pesar de lo dispuesto por el Tribunal en su *Resolución y Orden* del 18 de agosto de 2004, el Lcdo. Plaud González no ha actuado conforme a lo allí dispuesto. El 12 de noviembre de 2004, el Tribunal emitió otra *Resolución y orden* en la que señaló que el Lcdo. Plaud González "no recurrió, ni tampoco procedió a cumplir con ninguna de las órdenes dictadas" por el Tribunal. En vista de lo anterior, el Tribunal señaló una vista en rebeldía a celebrarse el 17 de diciembre de 2004, impuso una sanción económica adicional al Lcdo. Plaud González de $750.00 a favor del Estado y ordenó que depositara dicha cantidad junto con los $250.00 de la sanción impuesta desde el 8 de agosto de 2003, en el término de 5 días.

La vista en rebeldía se suspendió por el Tribunal y se señaló para el 20 de mayo de 2005. Surge de la *Minuta* de dicha vista que ni el Lcdo. Plaud González ni su representado comparecieron a pesar de que el primero fue notificado de la misma. El tribunal señaló una vista para el 10 de junio de 2005 y ordenó a que se le notificara a la parte demandada a su dirección de récord o a través de la oficina de alguaciles, pues el Lcdo. Plaud González no proveyó una dirección precisa de su cliente. A la

mencionada vista en rebeldía compareció el demandado representado por el Lcdo. Plaud González, siendo esta la primera vez que el demandado acudía a una vista de su caso por no recibir anteriormente notificación alguna por parte de su representación legal sobre las vistas anteriores.

En la vista en rebeldía surgió que el Lcdo. Plaud aún no había satisfecho las sanciones económicas que le impuso el Tribunal y aún no había producido los documentos solicitados por la parte demandante desde mayo de 2003. Sobre lo anterior, el Lcdo. Plaud González no dio explicación alguna al Tribunal sobre el por qué de sus incumplimientos. Tampoco solicitó al Tribunal que retirara la sanción impuesta que eliminó las alegaciones y defensas del demandado. Aunque el Lcdo. Plaud González alegó estar preparado para ver la vista, el Tribunal concedió quince (15) días adicionales a las partes para completar el descubrimiento de prueba y cinco (5) días al Lcdo. Plaud González para que cumpliera con el pago de las sanciones impuestas.

El 10 de junio de 2005, el Sr. Carlos J. Ortiz Morales entregó al Lcdo. Plaud González un cheque por $3,000.00 que éste le solicitó y el 16 de junio del mismo año, el Lcdo. Plaud González depositó en el Tribunal los $1,000.00 que sumaban las sanciones impuestas. Así las cosas, el 2 de septiembre de 2005 se celebró el juicio y el 21 de noviembre del mismo año el Tribunal dictó sentencia a favor de la parte demandante.

Por lo anterior, el 6 de diciembre de 2005, el Lcdo. Plaud González presentó una moción de reconsideración la que fue declarada no ha lugar por falta de jurisdicción. Luego, el Lcdo. Plaud González presentó una moción de relevo de sentencia, que fue declarada no ha lugar, y el 19 de septiembre de 2006, presentó una moción urgente en la que solicitó la paralización de los procedimientos. En la moción, informó, además, sobre la apelación de una querella que el demandado presentó contra el juez que atendía el caso, y que fue archivada mas no dijo nada sobre la apelación de la sentencia del caso.

Finalmente, el Lcdo. Plaud González solicitó ser relevado de ser representante legal del Sr. Carlos J. Ortiz Morales pues, según alegó, no había comunicación entre ellos y éste le había mencionado que se querellaría contra él. La parte demandante se opuso a la solicitud de relevo de representación legal pues se dilatarían aún más los procedimientos. Así, tras varios incidentes procesales, el Tribunal emitió una *Resolución* mediante la cual relevó al Lcdo. Plaud González de la representación legal del demandado.[5]

B

Por todo lo anterior, el 15 de marzo de 2007, el Sr. Carlos J. Ortiz Morales presentó ante este Tribunal una queja (AB-2007-91) contra el Lcdo. Plaud González en la que alegó que éste incumplió en su rol de abogado pues nunca le

---

[5] La representación legal del Sr. Carlos J. Ortiz Morales la asumió el Lcdo. Gennoll Vladimir Hernández Rodríguez.

notificó de los procedimientos, sanciones y vistas en el Tribunal. Indicó el quejoso que el Lcdo. Plaud González se volvió inaccesible pues no respondía llamadas y no podía ser localizado por él. De igual manera, señaló el quejoso que tal comportamiento ocasionó que se eliminaran alegaciones y defensas de la parte demandada y, peor aún, ocasionó que venciera el término para apelar la sentencia emitida en su contra. Añadió el quejoso que el Lcdo. Plaud González no asumió buena conducta profesional, actuó de mala fe e intencional, no cumplió con los Cánones del Código de Ética Profesional e "hizo posible que [se] violar[a]n [sus] derechos constitucionales". Por su parte, el Lcdo. Plaud González replicó que fue el quejoso quien desapareció por un término de dos años, y, a sabiendas, no obedecía las órdenes del Tribunal.

C

Tras varios incidentes procesales,[6] el 21 de noviembre de 2008, autorizamos al Procurador General a formular cargos contra el Lcdo. Plaud González por violación a los Cánones 12, 18 y 19 del Código de Ética Profesional. En cumplimiento con lo anterior, el 16 de diciembre de 2008 el Procurador General [7] presentó una querella disciplinaria

---

[6] En cumplimiento con la orden de este Tribunal, el 28 de diciembre de 2007 el Procurador General presentó su informe en el que concluyó que el Lcdo. Plaud González violó con su conducta los Cánones 12, 18 y 19 del Código de Ética Profesional. El 20 de junio de 2008, el Lcdo. Plaud González presentó la contestación al Informe del Procurador General en el que indicó que no cometió las violaciones señaladas. Evaluados ambos escritos, el 21 de noviembre de 2008, autorizamos al Procurador General a formular cargos por violación a los Cánones 12, 18 y 19 del Código de Ética Profesional.

[7] Por conducto del Procurador General Auxiliar.

contra el Lcdo. Plaud González en la que imputó 3 cargos a saber.

En el **Cargo I**, el Procurador General le imputó al querellado haber violado el Canon 12 de los del Código de Ética Profesional, 4 L.P.R.A. Ap. IX C. 12, pues el Procurador entendió que "[a]ún dando por cierta la alegación del querellado de que perdió comunicación con su representado, ello no explicaría su consecuente ausencia de las vistas del caso para las cuales fue debidamente citado". Debido a lo anterior, el Procurador entendió que la gestión profesional del Lcdo. Plaud González ocasionó dilación indebida al trámite judicial.

En lo que respecta al **Cargo II**, el Procurador le imputó al querellado infringir el Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX C. 18, pues de los autos del caso surge que el querellado obvió los señalamientos de vista del Tribunal y no fue hasta después de ser sancionado con una multa que éste compareció por primera vez a un señalamiento de vista. El Procurador entendió que "[d]e ser correcta la afirmación de que había perdido contacto con su cliente, éste debió informarlo al tribunal y solicitar su relevo como representante legal".

En el **Cargo III**, se le atribuyó al querellado haber violado el Canon 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX C. 19, por entender que el querellado se volvió inaccesible para su cliente, pues no contestaba las llamadas que le hacía el quejoso, no le proveyó una

dirección física dónde conseguirlo y mantenía en el Colegio de Abogados de Puerto Rico una dirección errónea.

Así las cosas, el 19 de diciembre de 2008, mediante *Mandamiento*, ordenamos al Lcdo. Plaud González a contestar la querella presentada por el Procurador General en un término de 15 días a partir de la notificación de dicho mandamiento.[8] Luego de varios trámites procesales,[9] el Lcdo. Plaud González presentó su contestación a la *Querella*. En síntesis, el Lcdo. Plaud González reiteró que la falta de comunicación en la relación abogado-cliente que tenía con el quejoso se debió a la conducta de éste. Añadió, que reconocía haber fallado al no renunciar antes a la representación legal del demandado.

D

Vista la *Querella* presentada por el Procurador General y la *Réplica a la Querella* presentada por el Lcdo. Plaud González, el 18 de junio de 2009 nombramos a la Hon. Crisanta González Seda, Ex Jueza del Tribunal de Primera Instancia, como Comisionada Especial (Comisionada) conforme a lo dispuesto en la Regla 14 (h)[10] del Reglamento

---

[8] El *Mandamiento* se notificó el 25 de febrero de 2009.

[9] El 9 de marzo de 2009, el Lcdo. Plaud González solicitó prórroga para presentar la contestación a la *Querella*. Mediante *Resolución* emitida el 14 de abril de 2009 y notificada al día siguiente, este Tribunal le concedió un término final de 20 días, contado a partir de la notificación de la *Resolución*, para que contestara la *Querella*. Aun así, el Lcdo. Plaud González presentó una *Moción Urgente solicitando se acepte réplica a querella presentada tres días después de vencida la prórroga para replicar,* el 7 de mayo de 2009. Junto a dicha *Moción*, presentó la *Replica a la querella*.

[10] La Regla 14(h) del Reglamento de este Tribunal dispone en lo pertinente que: "Se celebrará una vista para recibir la prueba sobre la querella. El Tribunal podrá ordenar que se celebre ante sí o, en el uso de su discreción podrá nombrar un(a) Comisionado(a) Especial para

de este Tribunal para que nos rindiera un informe con determinaciones de hechos y recomendaciones. Celebradas las vistas correspondientes, y analizada la totalidad de la prueba recibida, el 19 de marzo de 2010 la Comisionada nos presentó un *Informe* en el que hizo un recuento de los trámites procesales antes descritos y concluyó que la evidencia presentada ante su consideración sostuvo los cargos formulados por el Procurador General, a saber, la violación a los Cánones 12, 18 y 19 del Código de Ética Profesional. Por su parte, el Lcdo. Plaud González objetó las determinaciones de hecho que hizo la Comisionada. Además, garantizó que, luego de los procedimientos que ha pasado en el trámite de la acción disciplinaria en su contra, se asegurará que la conducta imputada no vuelva a ocurrir.

Examinado el *Informe* de la Comisionada y los "Comentarios y objeciones a determinaciones de hechos" al informe de la Comisionada que presentó el querellado,[11] procedemos a resolver el caso de epígrafe.

## II

### A

En reiteradas ocasiones hemos señalado que los Cánones de Ética Profesional establecen las normas mínimas de conducta que rigen a los miembros de la profesión legal

_____

que reciba la prueba y rinda un informe con sus determinaciones de hecho". 4 L.P.R.A. Ap. XXI-A, R. 14(h).

[11] El Lcdo. Plaud González lo presentó el 2 de junio de 2010.

en el desempeño de su delicada e importante labor.[12]  En particular, el Canon 12 del Código de Ética Profesional, *supra*, dispone que es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos ser puntual con su asistencia y conciso y exacto en el trámite y presentación de las causas. Dispone, además, que los abogados deben asegurarse de no causar indebidas dilaciones en la tramitación y solución de las causas.[13] Sobre el mencionado Canon 12 del Código de Ética Profesional, *supra*, expresamos en *In re* Grau Díaz, 154 D.P.R. 70, 75 (2001), que es norma reiterada que los abogados sean puntuales y diligentes en la tramitación de las causas y tal deber se extiende a todo el trámite judicial.  También dijimos que un abogado incurre en violación a los Cánones 12 y 18 del Código de Ética Profesional, *supra*, cuando no comparece a los señalamientos de vista ante el tribunal de instancia pues el incumplimiento con las órdenes emitidas por dicho foro y la falta de diligencia en la tramitación del caso constituyen un patrón de conducta irresponsable que demuestra su falta de diligencia y cuidado en su desempeño profesional.[14]

B

---

[12] *In re* Nelson Vélez Lugo, res. en 28 de febrero de 2011, 180 D.P.R. ___ (2011), 2011 T.S.P.R. 44; *In re* Miguel Hernández Vázquez, res. en 30 de diciembre de 2010, 180 D.P.R. ___, 2011 T.S.P.R. 9; *In re* Izquierdo Stella, 154 D.P.R. 732, 736 (2001); *In re* Matos González, 149 D.P.R. 817, 819 (1999); *In re* Filardi Guzmán, 144 D.P.R. 710, 715 (1998).

[13] 4 L.P.R.A. Ap. IX C. 12.

[14] *In re* Grau Díaz, 154 D.P.R. 70, 77-78 (2001); *In re* Ayala Torres, 150 D.P.R. 288, 292 (2000).

De otra parte, el Canon 18 del Código de Ética Profesional dispone en lo pertinente que "es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable".[15]    Este canon prescribe, además, que un abogado no debe asumir una representación legal cuando es consciente de que no tiene la capacidad para rendir una labor idónea y competente. Así, pues, hemos expresado que el deber de diligencia profesional del abogado prescrito en el Canon 18 del Código de Ética Profesional, *supra*, es del todo incompatible con la desidia, despreocupación y displicencia en el trámite de un caso.[16]

También hemos enunciado que hay conductas específicas que contravienen los principios del Canon 18, *supra*. Entre estas conductas se encuentran: (1) no comparecer a los señalamientos del tribunal; (2) no contestar los interrogatorios sometidos; (3) no informar a las partes sobre la presentación de un perito; (4) desatender o abandonar el caso; (5) permitir que expire el término prescriptivo o jurisdiccional de una acción; (6) cualquier

---

[15] 4 L.P.R.A. Ap. IX C. 18.

[16] *In re* Pujol Thompson, 171 D.P.R. 683, 689 citando a *In re* Padilla Pérez, 135 D.P.R. 770, 776 (1994).

tipo de actuación negligente que pueda conllevar o, en efecto, resulte en la desestimación o archivo del caso.[17]

C

Por otro lado, el Canon 19 del Código de Ética Profesional establece que "el abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado".[18] Es decir, todo abogado está obligado a informar a sus clientes sobre las gestiones realizadas para la tramitación de la causa de acción para la que fue contratado.[19] Consecuentemente, hemos sostenido que dictada una sentencia en un caso que pone fin, parcial o totalmente a la causa de acción, es obligación del abogado informar a su cliente sobre lo acaecido.[20] Asimismo, hemos expresado que el deber de informar al cliente de las incidencias de su caso constituye una lesión al Canon 19 del Código de Ética Profesional, *supra*, y al proceso general de impartir justicia.[21]

D

Finalmente, este Tribunal ha establecido que al determinar la sanción disciplinaria que habrá de imponerse

---

[17] *In re* Vilches López, 170 D.P.R. 793, 798 (2007) citando a *In re Collazo I*, 159 D.P.R. 141, 147 (2003).

[18] 4 L.P.R.A. Ap. IX C. 19.

[19] *In re* Nieves Nieves, res. 7 de marzo de 2011, 181 D.P.R. ___ (2011), 2011 T.S.P.R. 33, citando a *In re* García Ortiz, res. 10 de junio de 2009, 176 D.P.R. ___ (2009), 2009 T.S.P.R. 110.

[20] *In re* García Muñoz, 170 D.P.R. 780, 789 (2007) citando a Colón Prieto v. Géigel, 115 D.P.R. 232 (1984).

[21] *In re Nieves Nieves,* res. en 7 de marzo de 2011, 2011 T.S.P.R. 33; *In re* Cardona Vázquez, 108 D.P.R.6, 22 (1978).

a un abogado que haya incurrido en conducta contraria a los Cánones del Código de Ética Profesional, *supra*, que guían el desempeño en la profesión legal, podemos tomar en cuenta los siguientes factores: (1) la buena reputación del abogado en la comunidad; (2) el historial previo de éste; (3) si ésta constituye su primera falta y si ninguna parte ha resultado perjudicada; (4) la aceptación de la falta y su sincero arrepentimiento; (5) si se trata de una conducta aislada; (6) el ánimo de lucro que medió en su actuación; (7) resarcimiento al cliente; y (8) cualesquiera otras consideraciones, ya bien atenuantes o agravantes, que medien a tenor con los hechos.[22]

III

Con el beneficio de la normativa antes expuesta, evaluamos los hechos que motivaron la presente querella para determinar si en efecto el querellado cometió los cargos imputados.

A

Como antes explicamos en detalle, contra el Lcdo. Plaud González se presentó una queja ante este Tribunal por incumplir con su rol de abogado en el trámite de un caso civil ante el Tribunal de Primera Instancia. Luego de los trámites procesales correspondientes, el Procurador General presentó 3 cargos contra el Lcdo. Plaud González.

---

[22] *In re* Colón Morera, 172 D.P.R. 49 (2007); *In re* Quiñones Ayala, 165 D.P.R. 138; *In re* Montalvo Guzmán, 164 D.P.R. 806; *In re* Vélez Barlucea, 152 D.P.R. 298, 310-11 (2000); *In re* Padilla Rodríguez, 145 D.P.R. 536 (1998).

En el Cargo I, se le imputó al querellado la violación del Canon 12 del Código de Ética Profesional, *supra*, por cuanto se ausentó sin justificación a varias de las vistas del caso en el que fungía como representante legal de la parte demandada conducta que ocasionó dilaciones innecesarias en el trámite judicial. En el Cargo II, se le imputó al querellado infringir lo dispuesto en el Canon 18 del Código de Ética Profesional, *supra*, pues el Lcdo. Plaud González obvió varios señalamientos de vista del Tribunal y no fue hasta que se impuso una sanción económica en su contra que compareció por primera vez a un señalamiento de vista. Asimismo, en el Cargo III se le imputó al querellado incumplir con el Canon 19 del Código de Ética Profesional debido a que el Lcdo. Plaud González se abstuvo de mantener a su cliente informado de los asuntos de su caso.

B

Luego de haber analizado los hechos que motivaron la querella que atendemos hoy, somos de la opinión de que el Lcdo. José A. Plaud González se apartó de los principios éticos que rigen la profesión de la abogacía, y que todo abogado debe observar celosamente.

Según surge del expediente, el Lcdo. Plaud González incumplió con el deber que impone el Canon 12 del Código de Ética Profesional, *supra*, de ser puntual en su asistencia y conciso y exacto en el trámite y presentación del caso que le fue encomendado. De la misma forma, el Lcdo. Plaud González faltó a su obligación de desplegar las diligencias

necesarias para asegurarse de evitar indebidas dilaciones en la tramitación y solución del caso pues el querellado no compareció a varias vistas ante el Tribual e incumplió con los requerimientos de éste para que contestara el descubrimiento de prueba sometido por la parte demandante. Por lo anterior, y como antes mencionáramos, el Tribunal de Primera Instancia hizo expresiones negativas sobre la conducta del querellado. Específicamente, el Tribunal se expresó acerca de la falta de diligencia y conducta intencional del Lcdo. Plaud González.

Es importante señalar que el querellado, luego que presentó la contestación a la demanda, no hizo gestiones adicionales significativas hasta dos años y medio después, cuando informó al Tribunal que presentaría un requerimiento de admisiones a la parte demandante. Además, luego de que el Tribunal emitiera una sentencia desfavorable para el quejoso, cliente del querellado, el Lcdo. Plaud González no inició trámites apelativos por lo que el término prescriptivo para apelar, venció. La conducta antes descrita, cuanto menos, transgrede lo dispuesto en el Canon 18 del Código de Ética Profesional, *supra*, sobre el deber de diligencia que debe tener un abogado al defender los intereses de su cliente.

De otra parte, además de que el querellado no notificó al quejoso sobre los señalamientos de vista que el Tribunal señaló en su caso, el Lcdo. Plaud González se volvió inaccesible para el quejoso pues el querellado no le proveyó una dirección física donde pudiera ser localizado.

El quejoso tenía una dirección postal en la que nunca pudo conseguir al Lcdo. Plaud González, y la dirección que aparecía en el registro del Colegio de Abogados de Puerto Rico no estaba actualizada, pues cuando el quejoso se personó a dicha dirección le informaron que el Lcdo. Plaud González se había mudado hacía 7 años. Como antes expresáramos, el deber de informar al cliente de las incidencias de su caso constituye una lesión al Canon 19 del Código de Ética Profesional, *supra*, y al proceso general de impartir justicia[23] y esto precisamente fue lo que logró el querellado en este caso.

Por su parte, el querellado justificó su conducta atribuyéndole al quejoso la falta de comunicación que había entre ellos. Entendemos que si lo anterior hubiese sido la situación del Lcdo. Plaud González, entonces debió informar al Tribunal y renunciar a la representación legal del caso. No lo hizo. Por el contrario, el querellado asumió un comportamiento que produjo que el Tribunal impusiera una anotación de rebeldía en el caso, sanciones económicas a favor del Estado y de la representación legal de la parte demandante, y eliminara alegaciones y defensas de su cliente, quien es el quejoso en este caso.

No obstante lo anterior, es importante señalar que esta es la primera vez que se sigue un procedimiento disciplinario en contra del Lcdo. Plaud González. Por otra parte, el querellado se sometió al proceso disciplinario, cumplió oportunamente con los requerimientos de este

---

[23] *Íd.*

Tribunal, y aseguró que la conducta por la cual hoy es disciplinado no se volvería a repetir.

IV

Por los fundamentos antes mencionados y por haber incurrido en la violación de los Cánones 12, 18 y 19 del Código de Ética Profesional, *supra*, ordenamos la suspensión inmediata del Lcdo. José A. Plaud González del ejercicio de la abogacía y de la notaría por el término de seis (6) meses, contado a partir de la notificación de la Opinión *Per Curiam* y Sentencia. El Alguacil de este Tribunal deberá incautar la obra y sello del Lcdo. Plaud González, debiendo entregar la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá certificarnos en treinta (30) días del cumplimiento de estos deberes.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José A. Plaud González          CP-2008-23      Conducta
                                                Profesional

SENTENCIA

En San Juan, Puerto Rico, a 19 de mayo de 2011.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se ordena la suspensión inmediata del Lcdo. José A. Plaud González del ejercicio de la abogacía y de la notaría por el término de seis (6) meses, contado a partir de la notificación de la Opinión *Per Curiam* y Sentencia. El Alguacil de este Tribunal deberá incautar la obra y sello del Lcdo. Plaud González, debiendo entregar la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá certificarnos en treinta (30) días del cumplimiento de estos deberes.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco lo suspendería por tres (3) meses.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo